**YINGLING et al. v. KLOTZ et al.**

No. 2669.

Court of Civil Appeals of Texas.
Tenth District. Waco.

March 28, 1946.

Rehearing Denied April 18, 1946.

Kelley & Looney, Ralph T. Rawlins, and L. Hamilton Lowe, all of Edinburg, for appellants.

Sawnie B. Smith, of Edinburg, for appellees.

HALE, Justice.

This suit grew out of a written contract entered into on March 1, 1941 by Mrs. Ida M. Klotz of Indianapolis, Indiana, hereafter referred to as appellee, and R. G. Yingling and son of Hidalgo County, Texas, hereafter referred to as appellants. By the terms of the contract appellants agreed to care for appellee's ten acre citrus orchard for a period of three years and in consideration of their services they were to receive one-half of all fruit produced from the orchard during that period of time. Appellants went into possession of the orchard and performed the contract to the satisfaction of appellee. The contract was then extended for an additional year from March 1, 1944.

Appellee, joined by her husband, instituted the suit on June 23, 1945 alleging in substance that she had moved from her former home in Indiana to Hidalgo County, Texas, with a view to repossessing her citrus orchard and living on the same as her homestead. She further alleged that appellants were, at that time, unlawfully trespassing upon her orchard under some character of claim growing out of the former contract and were improperly interfering with her right of exclusive posses-

sion. She sought an injunction restraining them from entering upon her premises and from further interfering with her alleged right of possession.

Appellants answered with general and special denials and with affirmative pleas averring in substance that the original written contract had been extended by mutual agreement or acquiescence of the parties for two additional years and that if the contract as extended was not then in full force and effect, appellee was nevertheless estopped from denying its validity as so extended. They prayed that appellee take nothing and by way of cross-action sought a declaratory judgment validating their alleged extension of the original contract for the year 1945–46 and in the alternative they sought judgment for the value of the services they had rendered for appellee subsequent to March 1, 1945.

On June 28, 1945 the case was tried on its merits before a jury. Upon the conclusion of the evidence appellee seasonably filed and presented an extensive motion for an instructed verdict. Her motion was based in part upon contentions that (1) the undisputed evidence showed conclusively as a matter of law that no contract was made or extended for the care of her orchard for any period of time after March 1, 1945 and (2) there was no evidence raising any issue on the affirmative defenses or grounds of recovery alleged by appellants. The court sustained the motion, withdrew the case from the jury, rendered judgment for appellee as prayed for and denied any recovery to appellants on their cross-action.

Under appropriate points in their brief appellants say the court erred in taking the case from the jury and in rendering the judgment which was rendered because they contend the evidence raised issues of fact for the jury which when found would have enabled the court to determine as a matter of law whether (1) the original contract was extended for the year 1945–46, (2) appellee was estopped to deny such extension, (3) appellants were entitled on their cross-action to a declaratory judgment validating the contract as so extended, and (4) appellants were entitled to judgment for the value of the services rendered by them after March 1, 1945.

It is elemental that when a case is tried before a jury the duty rests upon the trial judge to submit to the jury for its determination all controlling issues of fact raised by the pleadings and tendered by the evidence. Casey v. Jones, 189 S.W.2d 515, pts. 3-7, error refused. It is only when no such issue is so raised and tendered that the trial judge is authorized to withdraw a case from the jury or to direct a verdict. James v. Missouri-K.-T. R. Co., Tex.Civ. App., 182 S.W.2d 921, pts. 1–2, error refused. Hence, a correct disposition of this appeal turns primarily upon whether or not there was any evidence which tendered any of the issuable facts raised by the pleadings of the parties.

The original contract, the substance of which has been stated above, was introduced in evidence. All negotiations with reference to any renewal or extension thereof were evidenced by a series of letters and telegrams about which there was no dispute. To set forth all of the correspondence in full would require this opinion to be extended beyond the length of propriety. Accordingly, we shall note briefly only the substance of what we regard as the material portions thereof.

On April 4, 1944 appellee wrote appellants calling attention to the fact that the original contract had expired and requested a new contract for two more years with some new or additional provisions to be contained therein. Not having received any reply to her letter, she wired appellants under date of April 26th asking why her letter had not been answered and stating that she expected them to plant trees and do pruning according to the contract of March 1, 1941. On April 30, 1944 appellants wrote appellee acknowledging receipt of her wire, indicating some irritation concerning appellee's conduct and stating: "We intend to take the same care we always have until the finish of this crop. At that time we will turn you back the grove in much better condition than we took it over. We do not intend to do any more pruning this year. We will not replace trees before fall." Appellants continued to care for the orchard in accordance with the statement in this letter and the provisions of the original contract, dividing equally the proceeds derived from the sale of the fruit produced, each party receiving therefrom the sum of $2,669.93 for the year ending March 1, 1945.

Under date of December 14, 1944 appellee wrote appellants expressing the wish that they continue the care-taking of her

orchard "for another year or two." In response thereto appellants wrote her on December 29th enclosing a proposed contract for a period of three years from that date. This proposed contract was similar in substance and form, although slightly different in some of its details, to the prior contract dated December 1, 1941. Under date of January 16, 1945 appellee wrote appellants acknowledging receipt of the proposed three year contract but stated she felt there should be another provision in the same to the effect that if she and her husband should move to Hidalgo County and wish to take over the operation of her orchard appellants would agree to terminate the proposed contract, to turn the orchard over to her and accept remuneration for their work and expense in maintaining the same up to the time of such termination. Under date of February 22, 1945 appellants wrote appellee suggesting a further amendment to her proposed amendment, providing therein that notice of such termination of the proposed contract must be given to appellants on or before February 1st of any given year. Appellee did not reply to appellants' last letter and no further correspondence was had between the parties. She testified on the trial without dispute that she did not assent to the proposed contract, or to appellants' proposed amendment thereto and that she and her husband moved to Hidalgo County about April 1, 1945 for the purpose of taking over the operation of her orchard.

Appellants do not point out any specific issue of fact which they say should have been submitted to the jury. They contend generally, however, that the evidence tendered issues for the jury as to whether or not appellee by her acts, conduct, course of dealing and silence, coupled with their reliance thereon, had entered into the alleged extension of the original contract for an additional year from March 1, 1945, or had thereby estopped herself from denying the validity of the contract as to extended. We cannot agree with these contentions. There was no dispute in the evidence as to the acts, conduct, course of dealing or silence on the part of appellee upon which appellants might have relied. Since all negotiations for an extension of the original contract or the execution of a new one were evidenced by letters and telegrams about which there was no controversy and since such correspondence was unambiguous, it appears to us that a proper construction thereof and the conclusions to be drawn therefrom constituted questions of law for the court rather than issues of fact for the jury. Maddox Motor Co. v. Ford Motor Co., Tex.Com.App., 23 S.W.2d 333, pts. 10, 11.

Appellants also say the court erred in excluding their testimony to the effect that they relied upon the acts, conduct, course of dealing and silence of appellee and believed therefrom that they were to care for the grove under the terms of the original contract for an additional year after March 1, 1945. We cannot agree with this contention. We find nothing in the evidence admitted or that offered and excluded which obligated appellants to care for the grove under the terms of the original contract or any extension thereof for any period of time after March 1, 1945, or which would warrant appellants in believing that they were so obligated. On the contrary, when appellants notified appellee in their letter of April 30, 1944 that they would turn the grove back to her when that crop was finished, they thereby definitely put appellee upon notice that they would not be further obligated under any additional extension of the original contract. Subsequent negotiations did not relate to an extension of the original contract but to the execution of an entirely new and independent one for a period of three years. Moreover, such negotiations consisted merely of proposals and counterproposals, none of which was ever accepted. Ray v. Blue, Tex.Civ.App., 173 S.W.2d 258, pt. 2, error refused.

Appellants further contend that the court erred in withdrawing the case from the jury on their cross-action whereby they sought recovery for the reasonable value of the services rendered by them subsequent to March 1, 1945. We overrule this contention. The undisputed evidence shows, we think, that such services were rendered in reliance upon the validity of an express contract which provided the amount of compensation to be paid and not upon any implied contract to pay the reasonable value of services rendered at the instance and request of appellee and consequently the doctrine of quantum meruit has no application to the facts of this case. 45 Tex. Jur. p. 318, Secs. 11-18.

Therefore, all of appellants' points are overruled and the judgment of the trial court is affirmed.