**Howard Ulysses FREEMAN, Appellant,**

v.

**Bill W. CARROLL, Appellee.**

**No. 664.**

Court of Civil Appeals of Texas, Tyler.

Sept. 13, 1973.

Rehearing Denied Oct. 11, 1973.

Alfred H. Summers, Palestine, Stayton, Maloney, Black, Hearne & Babb, Austin, for appellant.

R. E. Swift, Palestine, for appellee.

McKAY, Justice.

Appellee, Bill W. Carroll, brought this suit against appellant, Howard Ulysses Freeman, for services and materials provided in planting a stand of coastal bermuda grass on appellant Freeman's property in Anderson County. In the trial court appellee pleaded both an express contract, and in the alternative, quantum meruit as bases of recovery. It appears from the record that some sort of oral agreement was supposedly reached in January, 1970, between the parties for the planting and growing of a stand of coastal bermuda on appellant's property. Appellee alleged that he guaranteed a stand of grass only if the appellant would fertilize it, would keep cattle off the stand for one year, and would keep the weeds out of the grass. Appellee, on the strength of this alleged agreement, began work on the property immediately. Not until April, 1970, was any element of the agreement reducing to writing, and that in a letter from appellant to appellee. Neither party agrees that the writing includes all the elements of the agreement reached in January. The basic differences between the parties arose from appellee's claim that his guarantee of a stand of grass was conditioned on fertilization, weed control and no grazing. Appellant's response was basically that no stand of grass was produced and that the absence of grass was not due to any fault of appellant.

Appellee in his trial pleadings alleged that he and appellant entered into an agreement whereby appellee agreed to plant approximately 155 acres of appellant's land with a stand of coastal bermuda grass for a total payment of $5,000.00. Alternatively, appellee pleaded for recovery of the value of his services and materials on the theory of quantum meruit. He also sought recovery of attorney's fees. Appellant pleaded a general denial and specific defenses, one of which was the existence of an express contract which was not fulfilled through no fault of his own. Trial was before a jury and on the basis of the jury's answer to a single special issue,[1] the

---

1. "From a preponderance of the evidence what do you find is the reasonable value of the labor done, material furnished and services rendered, if any, by Bill W. Carroll in

trial court entered judgment that appellee recover from appellant the sum of $4,730.-00 plus $1,500.00 as attorney's fees. Appellant's motion for new trial was overruled, and this appeal was perfected.

Appellant's first point assigns as error the trial court's submission of the case to the jury on a theory of quantum meruit. Fundamentally, argues appellant, the pleading and proof offered by appellee (plaintiff below) did not support such submission because appellee also pleaded that he was entitled to recovery based on a contract, and such a recovery is inconsistent with a recovery based on quantum meruit. Appellant's basic position is that since the proof failed to establish the right of appellee to recovery on a contract, he was precluded from electing the remedy of quantum meruit.

■■ Our law is clear that "(w)here there exists a valid express contract covering the subject matter, there can be no implied contract," and hence no recovery in quantum meruit. Woodard v. Southwest States, Inc., 384 S.W.2d 674, 675 (Tex. 1964); Dallas Electric Supply Co. v. Branum Co., 143 Tex. 366, 185 S.W.2d 427 (1945); Yingling v. Klotz, 193 S.W.2d 742 (Tex.Civ.App.—Waco 1946, writ ref'd, n. r. e.). The complaint seems to be that it would be inconsistent for the appellee to seek what he says he is entitled to under the contract and at the same time seek to recover in quantum meruit what his labor and materials are reasonably worth. It is true that an express contract and quantum meruit are distinct and different relationships and inconsistent ideas, but the same record may contain evidence which will support either theory. A plaintiff may allege both theories and recover as the evidence may show. Clower v. Brookman, 325 S.W.2d 440 (Tex.Civ.App.—San Antonio, 1959, no writ).

In *Clower* is found this language:

"While one may not allege the one and recover on the other; one may allege both and recover on either, if it is proved."

■ Where an express contract is clearly established then there could be no recovery on quantum meruit, and the Woodard v. Southwest States, Inc. line of cases deal with situations where the contract was admitted or stipulated by the parties, or where an express contract was clearly or conclusively established. In the instant case there is some question under the evidence whether there was a meeting of the minds to establish a contract upon which appellee could recover, and, appellee having alternatively alleged quantum meruit, he was entitled to recover on such alternative theory. Clower v. Brookman, supra; University State Bank v. Gifford-Hill Concrete Corp., 431 S.W.2d 561 (Tex.Civ.App.—Ft. Worth, 1968, writ ref'd, n. r. e.).

■■ Appellant did not request special issues raising the question of an express contract (the existence of which was appellant's basic defense), but had appellant done so, and had the jury found the existence of such a contract, a recovery on quantum meruit would have been precluded. Woodard v. Southwest States, supra. Since it is the defendant's duty to request proper issues inquiring into affirmative defenses, we cannot say the trial court erred by not submitting an issue inquiring into the existence of an express contract in the present case. Rule 279, Texas Rules of Civil Procedure; Davis Bumper to Bumper, Inc. v. American Petrofina Company of Texas, 420 S.W.2d 145 (Tex.Civ.App.—Amarillo, 1967, writ ref'd, n. r. e.); Schoenberg v. Forrest, 228 S.W.2d 556 (Tex.Civ. App.—San Antonio, 1950, writ ref'd, n. r. e.). Appellant's first point of error is, therefore, overruled.

connection with the coastal bermuda planting done on the Howard Ulysses Freeman farm?

"Answer in Dollars and Cents, if any.
"ANSWER: $4,730.00 ”

In his second point of error, appellant complains of the trial court's granting judgment for appellee because appellee was not entitled to any judgment where there were no jury findings as to the existence of a contract. Having found that appellee was entitled to seek alternative recovery under theories of contract and quantum meruit, appellee was not compelled to seek submission of issues inquiring into the existence of a contract. If appellant wished findings on the issue of whether a contract existed precluding recovery on a quantum meruit theory, it was incumbent upon him to request such issues. Davis Bumper to Bumper, Inc. v. American Petrofina Co., supra. Appellant's second point of error is overruled.

Appellant next assigns error in that part of the trial court's judgment awarding attorney's fees to appellee. Appellant's argument is that since this was a suit on an express contract, and since there were no provisions in the contract allowing attorney's fees, it was improper for the court to award attorney's fees. Ezon v. Faulkner Construction Co., 422 S.W.2d 568 (Tex. Civ.App.—Austin, 1967, no writ). First, we have found that appellee's recovery on quantum meruit was proper, thus the provisions of an alleged contract as far as attorney's fees are concerned are immaterial. In addition, Art. 2226, Vernon's Ann.Tex. Civ.St., makes it clear that attorney's fees are recoverable in an action "for personal services rendered, labor done (and) material furnished * * *," when those services were actually rendered by the plaintiff. The undisputed testimony revealed personal services and labor were actually rendered by appellee, and such evidence justified the jury's findings as to reasonable attorney's fees and the award of attorney's fees made by the court. In suits on implied contracts it is proper to award attorney's fees where the conditions of the statute are met. Ferrous Products Co. v. Gulf States Trading Co., 323 S.W.2d 292 (Tex.Civ.App.—Houston, 1959) affirmed,

160 Tex. 399, 332 S.W.2d 310 (1960). Appellant's third point of error is overruled.

Appellant's fourth point of error complains of the action of the trial judge in entering the jury room after the jury had begun its deliberations. The certificate of the trial judge regarding this matter is as follows:

"On Friday morning the jury requested to see the Judge and both attorneys agreed that he could go into the jury room. When he went in the jury room, the Judge saw several of the papers (exhibits) lying on the table in front of the jury and the foreman informed the Judge that 'The jury wants to know what about the contract,' to which the Judge advised the jury substantially as follows: 'When the lawsuit was started, it was sort of a double-barrell lawsuit on a contract theory and in the alternative for the reasonable value of the work performed and material furnished by Plaintiff. The Plaintiff, at the close of the evidence, abandoned his claim on a contract theory and elected to rely on the reasonable value of the work performed and material furnished and the contract theory is no longer in the case.' "

Citing Rules 285 and 286, T.R.C.P., appellant urges that the actions of the trial judge resulted in reversible error in the case and probably caused an improper verdict. It seems to be significant, in the circumstances surrounding the judge's entry into the jury room, that the approval of both attorneys was given before the judge proceeded. We find it difficult to imagine that when both attorneys agreed that the judge could go into the jury room, they did not have some expectation that he would somehow communicate with the jury. We are well aware the opportunity for harmful error is great when judges confer with juries while they are deliberating and do so outside the hearing and approval of the attorneys in a case; and we are likewise aware of the requirement to set aside his

judgment should prejudice be shown to result from such actions. Eastex Wildlife Conservation Ass'n v. Jasper, Etc., 450 S.W.2d 904, 916, Footnote 3 (Tex.Civ.App.—Beaumont, 1970, writ ref'd, n. r. e.). Appellant argues that the statement of the foreman of the jury clearly indicates that the jury wanted to consider the contract and that the judge prohibited them from doing so, thereby prejudicing the case of appellant. We cannot agree that this indicates probable harm. As far as the jury was concerned, the contract was no longer a consideration in the case, since the case was properly submitted on a quantum meruit theory, and it would, in fact, have been improper for the jury to have considered the elements of the contract when not having been asked about such and not properly before the jury. Any issues inquiring into the existence of a contract should have been requested by appellant, and appellant's argument that the jury was prevented by the judge's action from considering the contract is an attempt to avoid the burden of appellant to request issues he deemed necessary for the jury to determine. Appellant's fourth point of error is overruled.

■ By overruling appellant's point of error regarding the judge's entry into the jury room, we do not mean to imply approval of a trial judge going into the jury room during jury deliberations. Simply because we find no reversible error in his conduct, we do not indicate approval of it. On the contrary, it seems to be the better practice for trial judges to avoid such communications with the jury outside the hearing of the attorneys in a case—even when the attorneys approve his initial entry onto the dangerous ground of such private communications. Rules 285 and 286, T.R.C.P., should be followed in communicating with the jury after the case has been submitted to the jury for decision.

■ Appellant's last point of error charges that the trial court erred in its instruction to the jury relating to the attorney's fees sought in Special Issue No. 2. The court instructed the jury as follows:

"In connection with the above Special Issues No. 2, you are instructed that attorney's fee recoverable in a suit such as this may be had for economic services involving both intellectual work and manual labor of Bill W. Carroll personally, in overseeing the job, instructing the workmen, actually operating some of the equipment and doing some of the manual labor, if he did."

Appellant argues that this instruction is "duplicitous, constitutes a comment on the weight of the evidence, erroneously states the law, and is in effect an instruction by the District Judge to the jury that attorney's fees ought to be awarded in the case." For this position appellant cites no authority, nor does he offer any argument. Having been cited no authority and having been able to find none supporting appellant's argument under this fifth point of error, we are compelled to overrule it. Weatherred v. Kiker, 357 S.W.2d 182 (Tex.Civ.App.—Amarillo, 1962, writ ref'd, n. r. e.).

Appellant has presented no error to this court which appears to have been reasonably calculated to cause the rendition of an improper judgment or which would require reversal of the judgment of the trial court. That judgment is, therefore, affirmed. Rule 434, T.R.C.P.

Affirmed.