Etta Mae **BOOZER** and O. O. Boozer, Appellants,

v.

Duane G. **STEPHENS**, Appellee.

No. 751.

Court of Civil Appeals of Texas, Tyler.

April 25, 1974.

Rehearing Denied June 6, 1974.

David A. Lake, Tyler, for appellants.

Saunders, Caldwell & Schmidt, Hugo C. Schmidt, Tyler, for appellee.

McKAY, Justice.

Appellee Duane Stephens brought suit against appellants Etta Mae Boozer and O. O. Boozer to recover an attorney's fee. The alleged unpaid fee was incurred by reason of appellee representing Debra Smith, appellants' niece, who was charged with being a juvenile delinquent. It was alleged by appellee that appellants had agreed to pay appellee the reasonable value of his services. After trial before a jury, judgment was rendered for appellee in the amount of $1,925.00.

The jury found[1] (1) that appellants agreed to pay appellee the reasonable value of services rendered in representing Debra Smith; (2) that the reasonable value of such services was $1,650.00; (3) that a reasonable attorneys' fee incurred by appellee in prosecuting this case was $600.00;

1. "SPECIAL ISSUE NO. 1
Do you find from a preponderance of the evidence that DEFENDANTS agreed to pay PLAINTIFF the reasonable value of services rendered in representing DEBRA SMITH?
Answer 'We do' or 'We do not.'
ANSWER: We do "

"SPECIAL ISSUE NO. 2
What do you find from a preponderance of the evidence to be the reasonable value of services rendered by PLAINTIFF in the representation of Debra Smith?
Answer in dollars and cents.
ANSWER:
Sixteen Hundred Fifty and no cents."
($1,650.00)

"SPECIAL ISSUE NO. 3
What do you find from a preponderance of the evidence to be a reasonable fee for Attorney fees incurred by PLAINTIFF in prosecuting this case against the DEFENDANTS herein?
Answer in dollars and cents.
ANSWER:
Six Hundred Dollars and no cents."
($600.00)

"SPECIAL ISSUE NO. 4
Do you find from a preponderance of the evidence that Mr. Duane Stephens accepted $325.00 in full payment for legal services rendered in behalf of Debra Smith?
Answer 'We do' or 'We do not'.
ANSWER: We do not."

**912**

and (4) that appellee did not accept $325.-00 in full payment for legal services rendered in behalf of Debra Smith.

Appellants complain in points 3, 5 and 7 that the trial court erred in overruling their motion for judgment non obstante veredicto because special issues one, two and four are against the overwhelming weight of the evidence and, therefore, the judgment is without legal evidence to support it. In passing upon a motion n. o. v., the trial court may not grant such motion unless a directed verdict would have been proper, and where there is no evidence having probative force upon which the jury could have made the findings relied upon. Rule 301, Texas Rules of Civil Procedure; Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952); Eubanks v. Winn, 420 S.W.2d 698 (Tex.Sup.1967). In considering such a motion, the evidence must be considered in the light most favorable to the party against whom the motion is sought and every reasonable intendment deducible from the evidence is to be indulged in such party's favor. Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547 (1962).

Mrs. Boozer, one of the appellants, testified she agreed to pay and did pay appellee $250.00 for representing her niece, and that appellee was employed August 16, 1970. She later paid appellee $50 and $25 which she said was for extra work he did, but she maintained that there was an agreement that $250.00 was all she was obligated to pay. Appellee testified the $250.00 fee paid was a retainer fee and that there was no agreement that such sum was all he would charge for his services representing Debra Smith. He testified that in addition to the Juvenile Court hearing, he had numerous conferences with the Boozers, the Smiths (Debra's parents), the juvenile officer, the judge, the Sheriff, doctors, professional psychologist and others, and that originally, he did not intend to charge for all these hours, telephone calls and other services, but when he and Mrs. Boozer later disagreed and he was discharged, charges were added for all hours spent on the case. Exhibits were introduced showing statements sent by appellee to the Boozers (1) dated August 31, 1970, covering the period from August 16, 1970 through August 18, 1970, for balance of $237.50; (2) dated November 2, 1970, for the same period as above showing at $30 per hour a balance of $282.50; (3) dated November 10, 1970, covering the period from August 23, 1970 through November 2, 1970 (being the date appellee was asked to withdraw from the case) showing at $30.00 per hour a balance due from August 16 to November 10, 1970, of $893.48; (4) letter dated December 3, 1970, demanding payment of $893.48 claimed to be past due; and (5) itemized account of services and hours with a cover letter dated March 7, 1972, covering the period from August 16, 1970 through November 2, 1970, listing 55½ hours, apparently at $40 per hour with $1,907.05 shown to be due.

We have reviewed the evidence carefully and we are of the opinion that it cannot be said that there is no evidence of probative value to support these issues and, therefore, points 3, 5 and 7 are overruled.

By points 4, 6 and 8 appellants complain that the answers of the jury to issues one, two and four are "so contrary to the legal evidence of probative value as to be unconscionable and manifestly wrong in legal contemplation." We consider these points to be questions of the sufficiency of the evidence and, therefore, we must consider and weigh all the evidence in the case, and we should sustain the point if the jury finding of a vital fact is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951); Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.Law Rev. 361. The appellants claim there was a contract for a sum certain, while appellee claims the $250.00 was a "retainer fee" to pay for his services in investigating and

appraising the case. The record shows that appellee sent statements to appellants of different amounts at different rates for the same time period. While it is true there is a sharp dispute in the evidence, particularly between the two principal witnesses, Mrs. Boozer and appellee, the jury chose to accept appellee's version of the transaction between them. It is unfortunate that there was not a better understanding between the attorney and his clients, but we are unable to say that the jury findings are so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust.

■ While appellee alleged in his petition that "Defendants agreed to pay to plaintiff * * * the total sum for services rendered", the case was tried on the quantum meruit theory. If special issue one was a contract issue, it was apparently disregarded by the court in rendering judgment. Appellants have not directly raised the point that "Where there exists a valid express contract covering the subject matter, there can be no implied contract," and hence no recovery in quantum meruit. Freeman v. Carroll, 499 S.W.2d 668 (Tex. Civ.App.—Tyler, 1973, writ ref'd, n. r. e.). However, the same record may contain evidence which will support either theory. Freeman v. Carroll, supra. If it could be said that appellee's pleading was upon express contract and not upon quantum meruit, the case was tried upon quantum meruit by consent. Rule 67, T.R.C.P., provides that "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleadings * * * but failure so to amend shall not affect the result of the trial of these issues * * *." Any defect or omission in a pleading is deemed to have been waived unless specifically pointed out in writing to the court before the charge to the jury; likewise any complaint as to an instruction or issue in the court's charge must be distinctly pointed out to the court by objection or it is waived. Rules 90, 274, T.R.C.P.

■ Since this case was tried upon quantum meruit and appellee's evidence showed that he actually performed services for the appellants' niece for the number of hours he alleged, we cannot say the jury findings to issues two and four are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. If appellants desired to have the court submit an issue to the jury to determine whether there was a contract for appellee to perform such legal services for the sum of $250.00, then such issue should have been requested. We find no such request in the record. Points 4, 6 and 8 are overruled.

■ The last point of error (point two) involves the question of admissibility of a power of attorney over Debra Lynn Smith given to the appellee by Henry and Patsy Smith, the parents of the girl. When the instrument was tendered into evidence, the appellants objected indicating that its admissibility should be limited because the instrument was only relevant as between the parties who signed it and was not relevant as between the appellants and appellee. The trial court overruled the objection. Prior to the offer of the exhibit into evidence, testimony was elicited from Henry Smith that he had given to the appellee a power of attorney. No objection was made to this testimony. The exhibit itself only confirmed what the earlier testimony had established. Since no objection was made to the testimony involving the power of attorney, the admission of the instrument itself was not error. If the offer of the power of attorney was subject to a valid objection, such objection was waived because of the appellants' failure to object when the prior testimony was offered. The trial court correctly overruled the objection. Hundere v. Tracy & Cook, 494 S.W.2d 257 (Tex.Civ.App.—San Antonio, 1973, writ ref'd, n. r. e.) ; New Hampshire Fire Ins. Co. v. Plainsman Elevators, Inc.,

371 S.W.2d 68 (Tex.Civ.App.—Amarillo, 1963, writ ref'd, n. r. e.) ; City of Glade-water v. Dillard, 312 S.W.2d 530 (Tex. Civ.App.—Texarkana, 1958, no writ) ; Rowe v. Liles, 226 S.W.2d 253 (Tex.Civ. App.—Waco, 1950, writ ref'd). Moreover, if the trial court did err in not limiting the exhibit's admissibility, we think it was harmless error. Point two is overruled.

After due consideration of Appellants' point of error No. 1 involving alleged improper jury argument, we respectfully overrule the point. The judgment of the trial court is therefore affirmed.