Barry M. BELLER, M. D., Appellant,

v.

Jose Garcia DE LARA, Appellee.

No. 15894.

Court of Civil Appeals of Texas,
San Antonio.

April 5, 1978.

Rehearing Denied May 17, 1978.

Oscar C. Gonzalez, Dobbins, Harris & Gonzalez, San Antonio, for appellant.

Phillip D. Hardberger, Hardberger, Branton & Herrera, Inc., San Antonio, for appellee.

KLINGEMAN, Justice.

This is a suit by Jose Garcia De Lara, an architect, against Dr. Barry M. Beller for damages for breach of contract and, in the alternative, on quantum meruit. The contract involved was a Standard Form of Agreement Between Owner and Architect of the American Institute of Architecture, and covered the construction of a lake house at Lake Lyndon B. Johnson for defendant. Defendant terminated the contract after he had paid plaintiff a small amount for services during the early phases of the contract. Trial was to a jury with a number of special issues submitted[1] and judgment was entered on the jury's verdict that plaintiff recover from defendant the sum of $3,000 less the sum of $721.84 paid by defendant, and for attorney's fees in the amount of $2,500.

The plaintiff is a registered architect. The contract calls for a fee of eight per cent of the construction cost, payable at various stages of the contract, with certain additional services to be paid for on a basis of $12 per hour. The contract contains this provision as to termination of the contract:

1. In answer to the special issues here involved, the jury found: (a) that plaintiff did not substantially perform his contract with defendant; (b) that plaintiff performed services of value on behalf of defendant in connection with the proposed lake house; (c) the reasonable value of such services was $3,000; (d) a reasonable attorney's fee for plaintiff's counsel was $2,500.

## ARTICLE 8
### TERMINATION OF AGREEMENT

This agreement may be terminated by either party upon seven days' written notice should the other party fail substantially to perform in accordance with its terms through no fault of the other. In the event of termination due to fault of others than the Architect, the Architect shall be paid his compensation for services performed to termination date, including Reimbursible Expenses then due and all terminal expenses.

Plaintiff testified that he took the contract on a moonlight basis so he charged eight per cent rather than the normal 12 per cent. He stated that the majority of the work of an architect is completed before construction begins; that he had frequent meetings with defendant to discuss the design phases; that the construction documents were 95 per cent finished; that any qualified builder or contractor could take the plans made by him and build the house; that in connection with the work he had employed a structural engineer to determine the structural beams, stresses, etc., and had been billed for such services. He testified that defendant had fired him by letter. The record contains as an exhibit a letter terminating the contract, recited to be in accordance with Article 8 of the contract, and also making demand for the return of the sum of $721.84 previously paid by defendant to plaintiff.

It is not disputed that the house was never constructed. The architect's contract provides that the architect's fee is to be paid in five phases:

| | | |
|---|---|---|
| 1. | schematic | 15 per cent |
| 2. | design development | 35 per cent |
| 3. | construction document | 75 per cent |
| 4. | bidding | 80 per cent |
| 5. | construction administration | 100 per cent |

Dr. Beller testified that he and plaintiff had signed the contract; that his banker had requested complete plans before any money could be lent; that plaintiff took too much time and interest rates were going up; that it was understood that the house would be built by Christmas but by November 11 he had never received a set of design developments; that he had his attorney send a letter terminating the contract.

There is testimony by a building contractor that from the plans and specifications made by plaintiff, he could build the house. An architect testified that plaintiff has an excellent reputation as an architect in the San Antonio area; that a great deal of work went into the De Lara drawings; and that in his opinion the value of architect's services on this $69,000 house was 14 per cent of the cost. Another architect testified that the plans were well done; that the reasonable value of the services performed by plaintiff is in the neighborhood of $5,500 to $6,000.

An architect called by defendant testified that plaintiff's latest plans do not complete the design phase (phase 2) and that he could not prepare phase 3 unless phase 2 was completed; that at mid-phase, the drawings would be of some value, but basically of no value because you could not get a completed price on the house.

A disinterested attorney from San Antonio testified that reasonable attorney's fees in the case would be $4,500.

■ By several points of error, defendant complains that the trial court erred in submitting Special Issues Nos. 3 and 4 because the undisputed evidence established that the parties entered into an express contract and quantum meruit was not applicable as a matter of law. The gist of defendant's contention in this regard is that you cannot recover on an implied contract when there is an express contract, and that plaintiff's recovery is limited to the contract. This rule is set forth in *Woodard v. Southwest States, Inc.*, 384 S.W.2d 674, 675 (Tex.1964) as follows:

> Recovery on an express contract and on quantum meruit are inconsistent. Where there exists a valid express contract covering the subject matter, there can be no implied contract.

Plaintiff asserts that he pleaded both an express contract and, in the alternative, quantum meruit, and relies on the line of cases and authorities that a plaintiff can

seek to recover both on an express contract and upon quantum meruit, and can allege and recover as the evidence may show. *Colbert v. Dallas Joint Stock Land Bank of Dallas*, 129 Tex. 235, 102 S.W.2d 1031 (1937); *Olivares v. Porter Poultry & Egg Company*, 523 S.W.2d 726 (Tex.Civ.App.—San Antonio 1975, no writ); *Freeman v. Carroll*, 499 S.W.2d 668 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.); *Coon v. Schoeneman*, 476 S.W.2d 439 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.); *Montclair Corporation v. Earl N. Lightfoot Paving Co.*, 417 S.W.2d 820 (Tex.Civ.App.—Houston 1967, writ ref'd n. r. e.); *Clower v. Brookman*, 325 S.W.2d 440 (Tex.Civ.App.—San Antonio 1959, no writ); 13 Tex.Jur.2d Contracts, § 7 at 120 (1960); Rule 48, Tex. R.Civ.P.

In *Montclair Corporation v. Earl N. Lightfoot Paving Co.*, *supra*, the court said:

It has long and many times been held in this State that though there be an express contract there may be a recovery in quantum meruit if there has been partial performance as distinguished from full performance (citing authorities).

In *Freeman v. Carroll*, *supra*, the Court said:

The complaint seems to be that it would be inconsistent for the appellee to seek what he says he is entitled to under the contract and at the same time seek to recover in quantum meruit what his labor and materials are reasonably worth. It is true that an express contract and quantum meruit are distinct and different relationships and inconsistent ideas, but the same record may contain evidence which will support either theory. A plaintiff may allege both theories and recover as the evidence may show.

*Coon v. Schoeneman*, *supra*, was a suit by a builder to recover from the owner a share of the profits from the sale of property and, in the alternative, for the reasonable value of his services as builder. The trial court excluded evidence of value of his services and sustained the defendant's motion for instructed verdict. Plaintiff, on appeal, asserted that the trial court erred in refusing to permit proof of the elements of quantum meruit and in refusing to submit issues on quantum meruit. The appellate court reversed and remanded the case and said:

The party who has wrongfully prevented the other party from completing the contract should not benefit from his own wrong. Consequently, we hold that even though the contractual compensation was contingent on profits, the same rule of restitution applies as in other cases where defendant's breach has prevented further performance by plaintiff. Plaintiff should have his election to treat the contract as rescinded and recover the reasonable value of his services.

The written contract herein involved contains a provision as to termination of the contract which has been heretofore set forth.

The jury in answer to Special Issue No. 1 found that plaintiff did not substantially perform his contract with defendant. It is undisputed that the contract was terminated by defendant; and that at the time of the termination there had been part performance of the contract. The jury further found that plaintiff performed services of value on behalf of defendant, and that the reasonable value of the services was $3,000. These findings are sufficiently supported by the evidence.

We find no reversible error in the submission of the issues complained of by defendant in his Points of Error Nos. 1 and 2, and such points of error are overruled.

■ Defendant's 3rd and 4th points of error assert that the court erred in rendering judgment for plaintiff on the jury's findings that plaintiff performed services of value for defendant in that there was no evidence to support such findings and such finding is against the great weight and preponderance of the evidence. Defendant's 5th and 6th points of error assert that there is no evidence and factually insufficient evidence that the sum of $3,000 was the reasonable value of the services performed by plaintiff.

The value evidence has been summarized in some detail before and reference is here made to such summary.

There are numerous cases upholding a recovery by an architect for work performed, such as plans and specifications, even though the improvements are never constructed. *Chenault v. County of Shelby*, 320 S.W.2d 431, 435 (Tex.Civ.App.—Austin 1959, writ ref'd n. r. e.); *Baylor University v. Carlander*, 316 S.W.2d 277 (Tex.Civ.App. —Dallas 1958, writ ref'd n. r. e.); *Texas Delta Upsilon Foundation v. Fehr*, 307 S.W.2d 124 (Tex.Civ.App.—Austin 1957, writ ref'd n. r. e.); *Waller County v. Freelove*, 210 S.W.2d 602, 605 (Tex.Civ.App.— Galveston 1948, writ ref'd n. r. e.).

*Texas Delta Upsilon Foundation v. Fehr, supra*, was a suit by an architect to recover for services rendered under an employment contract which provided that if any work designed by the architect was abandoned he was to be paid for the services rendered. The Court of Civil Appeals affirmed the judgment for the architect for the reasonable value of the services performed, saying:

> The fact that plaintiffs were working under a contract would not prevent them from recovering under an implied contract or for recovery on quantum meruit for a reasonable value of the services actually performed.

In *Baylor University v. Carlander, supra*, an architect sued Baylor University for payment for preparation of plans for a Bible Building which were rejected and for which the University refused to pay. Judgment in favor of the architect was affirmed and the Court stated the applicable rule as follows:

> "The true test is not the value of the services of [sic] the defendant, as appellant contends, but what such services sell for in the market, or synonymously stated, what the usual, reasonable and customary compensation is for such services."

The jury's answers to Special Issues Nos. 3 and 4 are amply supported by the evidence. Defendant's Points of Error Nos. 4, 5 and 6 are overruled.

Defendant by his last point of error complains that the court erred in rendering judgment for attorney's fees in the amount of $2,500 because (a) plaintiff can only recover on the contract and the contract does not provide for recovery of attorney's fees; (b) the plaintiff did not plead or prove presentment and failure to pay; (c) the jury's answer to Special Issue No. 5 (reasonable attorney's fees) is not sufficiently supported by the evidence.

We find no merit in such point of error and it is overruled. The only evidence with regard to attorney's fees was by a disinterested attorney from San Antonio, Mr. Frank Southers, who testified that reasonable attorney's fees would be $4,500. The jury awarded $2,500.

The correct rule is set forth in *Brown v. Cox*, 459 S.W.2d 471, 474 (Tex.Civ.App.— Houston [14th District] 1970, writ ref'd n. r. e.), a suit by an architect for services rendered under a written contract of employment. The court stated:

> The Supreme Court has held that a contract for purely personal services or for labor only will support an award of attorney's fees, and this is true whether the contract expressly provides for attorney's fees or not. [citations omitted]. An architect's direct services to an owner are such 'personal services' as are contemplated by Art. 2226, V.A.T.S., and the trial court should have permitted recovery of attorney's fees as proven and as found by the jury under the circumstances.

See also *Allison v. Douglas*, 531 S.W.2d 445 (Tex.Civ.App.—Waco 1975, no writ); *Olivares v. Porter Poultry & Egg Company, supra*.

We find no reversible error in the trial court. The judgment is affirmed.

MURRAY, J., did not participate in the disposition of this appeal.