**Reversed and Rendered and Majority and Dissenting Opinions filed November 14, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00506-CV

---

**HOUSTON MEDICAL TESTING SERVICES, INC., Appellant**

**V.**

**RAND MINTZER, Appellee**

---

### NO. 14-12-00524-CV

---

**RAND MINTZER, Appellant**

**V.**

**HOUSTON MEDICAL TESTING SERVICES, INC., Appellee**

---

**On Appeal from the Co. Civil Ct. at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 943798**

---

## D I S S E N T I N G   O P I N I O N

At the threshold of appellate analysis is the consideration of whether an issue is open for review and whether it is being urged on appeal. Subject to a few exceptions not in play in today's case, unpreserved error is not open for review. Yet, today's decision turns on unpreserved error not argued on appeal.

Appellee/plaintiff Houston Medical Testing Services, Inc. ("the Service") sued appellant/defendant Rand Mintzer seeking to recover on a quantum-meruit claim.[1] Under Texas law, a quantum-meruit claimant generally may not recover the reasonable value of services rendered or materials supplied if there is an express contract covering those services or materials.[2] Notably, to prove its quantum-meruit claim, the Service need not prove that the services it rendered are not covered by an express contract.[3] Instead, the existence of an express contract covering these services is an affirmative defense that Mintzer had the burden to plead and prove.[4] Mintzer raised this express-contract defense in his motion for judgment notwithstanding the verdict ("JNOV Motion") and in his first issue on appeal.

In sustaining Mintzer's first issue, the majority addresses whether a plaintiff may recover the reasonable value of services rendered or materials supplied under a quantum-meruit claim if there is an implied contract covering those services or

---

[1] The Service is the appellant, and Mintzer is the appellee in Cause No. 14-12-00506-CV, which is part of these consolidated appeals. But, the main focus of the majority's analysis is Cause No. 14-12-00524-CV, in which Mintzer is the appellant and the Service is the appellee.

[2] *See Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988); *Hester v. Friedkin Cos.*, 132 S.W.3d 100, 106–07 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). Though there are a few exceptions to this rule, they do not apply in today's case. *See id*. at 936–37.

[3] *See Weaver v. Jamar*, 383 S.W.3d 805, 811 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

[4] *See Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 683–85 (Tex. 2000); *Freeman v. Carroll*, 499 S.W.2d 668, 670 (Tex. Civ. App.—Tyler 1973, writ ref'd n.r.e.).

2

materials.[5]  The parties have not cited, and research has not revealed, any Texas cases holding that a plaintiff may not recover the reasonable value of services rendered or materials supplied under a quantum-meruit claim if there is an implied contract covering those services or materials.  None of the cases cited by the majority so hold.  This implied-contract issue appears to be one of first impression in Texas.

Before considering whether the express-contract defense should be extended to include implied contracts, as a first principle this court must consider whether these arguments were made in the trial court. If they were not, then this court should not entertain them.  As demonstrated below, Mintzer did not raise the implied-contract issue either in the trial court or on appeal.

***On appeal Mintzer argues that the jury's finding in response to Question 1 entitled him to judgment notwithstanding the verdict as to the quantum-meruit claim, based upon the express-contract affirmative defense.***

In his first issue, which the majority sustains, Mintzer asserts that "[t]he trial court should not have rendered judgment against [him] because an express contract for the services provided by [the Service] bars it from recovering in quantum meruit."  Mintzer summarizes his argument under this issue as follows: "Because there is an express contract regarding [the Service's] services it can not [sic] recover under quantum meruit."  In making this argument, the legal principle on which Mintzer relies is "[a]n express contract between the parties precludes a plaintiff from recovering for services rendered in quantum meruit if the contract covers those services and if no exception to the general rule applies."  Mintzer concludes that "the subject matter of the express contract covers the services provided by [the Service] and the equitable remedy of quantum meruit is

---

[5] *See ante* at pp. 8–13.

unavailable." Both in his summary of the argument and in his argument under the first issue Mintzer consistently asserts a straightforward argument: the express-contract defense applies and precludes judgment in the Service's favor on the quantum-meruit claim based on the jury's finding in response to Question 1. On appeal, Mintzer does not assert or argue that (1) a plaintiff may not recover the reasonable value of services rendered or materials supplied under a quantum-meruit claim if there is an implied contract covering those services or materials or (2) the express-contract defense should be extended to include implied contracts.

***In the trial court, Mintzer argued that the jury's finding in response to Question 1 entitled him to judgment notwithstanding the verdict as to the quantum-meruit claim, based upon the express-contract affirmative defense.***

In the trial court, Mintzer did not plead the express-contract affirmative defense, nor did he plead that the Service may not recover the reasonable value of its services under a quantum-meruit claim because there was an implied contract covering those services. Mintzer did not prove at trial that an express contract covered the services allegedly rendered by the Service. Under the familiar standard of review, the trial evidence is legally insufficient to support a finding that an express contract covering these services existed between the Service and Mintzer. Not only was there no pleading or proof of an express contract, but Mintzer made no argument that there was. Indeed, far from asserting that the trial evidence conclusively proved the existence of an express contract covering these services, in his JNOV Motion, Mintzer stated that he did not concede the existence of such a contract and that there was no evidence at trial of such a contract.[6]

---

[6] In the JNOV Motion, Mintzer asserted that (1) there was no evidence that the Service ever asked Mintzer to pay for the services to be rendered for the benefit of Mintzer's client; (2) neither Mintzer nor any member of his staff ever promised to pay the Service; and (3) there was no evidence that special arrangements were made for Mintzer to pay the Service or that Mintzer undertook liability for payment of any fees associated with the services to be provided by the

4

Instead, Mintzer based this part of his JNOV Motion on the jury's finding in response to Question 1, which no party moved to set aside. In his JNOV Motion, Mintzer asserted that this jury finding entitled him to judgment notwithstanding the verdict as to the quantum-meruit claim, based upon the express-contract affirmative defense.[7] In the trial court, Mintzer did not assert or argue that (1) a plaintiff may not recover the reasonable value of services rendered or materials supplied under a quantum-meruit claim if there is an implied contract covering those services or materials or (2) the express-contract defense should be extended to include implied contracts.

***The argument asserted by Mintzer in the trial court and on appeal regarding the express-contract defense lacks merit.***

In Question 1 regarding contract formation, the trial court instructed the jury as follows:

> When an attorney contracts with a third party for the benefit of a client for goods or services to be used in connection with the attorney's representation of a particular client and the third party is aware of these facts, the attorney is not liable on the contract unless he expressly or impliedly assumes some type of liability.

The evidence at trial conclusively established the factual predicate in this instruction; therefore, the trial court effectively instructed the jury that Mintzer could form a contract with the Service either expressly or impliedly. Thus, the jury's affirmative finding in response to Question 1 is a finding that the Service and Mintzer had *either* an express contract *or* an implied contract regarding the

Service for the benefit of Mintzer's client.

[7] In the JNOV Motion, Mintzer also asserted that the trial evidence was legally insufficient to support the jury's liability finding as to the quantum-meruit claim. On appeal, Mintzer raises this complaint in his second issue. The majority does not address this issue, and it is not addressed in this dissenting opinion.

DNA testing services. Because the evidence did not conclusively prove the express-contract defense, Mintzer had the burden to obtain a jury finding that an express contract existed between the Service and Mintzer covering these services.[8] But, the jury's unchallenged finding in response to Question 1 is not a finding of an express contract; rather, it is a finding of *either* an express contract *or* an implied contract. By failing to conclusively prove or obtain a jury finding as to the express-contract defense, Mintzer waived this defense.[9] Consequently, the argument in Mintzer's first appellate issue and in the corresponding part of his JNOV Motion lacks merit. The trial court correctly overruled this part of the JNOV Motion, and this court should overrule the first issue.[10]

***This court should not reverse the trial court's judgment based on an issue of first impression that was neither preserved in the trial court nor argued on appeal.***

The majority relies upon an implied-contract defense to a quantum-meruit claim in sustaining the first issue and reversing the trial court's judgment. But, this issue of apparent first impression was not preserved in the trial court or presented in this court. And, even if Mintzer had raised this issue on appeal, he has not provided any argument, analysis, or citations to show that the trial court erred in denying his JNOV Motion based upon this implied-contract defense. Thus, even under a liberal construction of Mintzer's brief, he has failed to brief this issue adequately.[11]

A timely and specific argument alerts the trial court and the adversary to the

---

[8] *See Fortune Prod. Co.*, 52 S.W.3d at 683–85; *Freeman*, 499 S.W.2d at 670.

[9] *See Fortune Prod. Co.*, 52 S.W.3d at 683–85; *Freeman*, 499 S.W.2d at 670.

[10] *See Fortune Prod. Co.*, 52 S.W.3d at 683–85; *Freeman*, 499 S.W.2d at 670.

[11] *See* Tex. R. App. P. 38.1(i); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 337 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

alleged error, giving both an opportunity to fix the problem and thereby avert the need to raise the issue on appeal.[12] Requiring error preservation avoids unfairness to the other party, gives deference to the trial court, and encourages the proper administration of justice by having the parties and the trial court focus the issues before they reach the appellate level.[13] In this way, imposing a preservation requirement fosters the efficient resolution of the case, saves time and money, and conserves appellate resources.[14] Requiring parties to preserve error also discourages "lying behind the log" and other forms of gamesmanship.[15] For these and other reasons, as a general policy matter, Texas appellate courts will not review non-jurisdictional legal arguments raised for the first time on appeal.[16]

This court should not base today's decision on unpreserved error not argued by the parties on appeal.[17] Because it does, I respectfully dissent.

/s/  Kem Thompson Frost
     Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Busby. (Busby, J. Majority.)

---

[12] *See Mansions in the Forest, L.P. v. Montgomery County*, 365 S.W.3d 314, 317 (Tex. 2012) (per curiam).

[13] *See id.*

[14] *See id.*

[15] *See id.*

[16] *See id.*

[17] *See Wohlfart v. Holloway*, 172 S.W.3d 630, 639–40 (Tex. App.—Houston [14th Dist.] 2005, pet denied); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d at 337.