

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CLAYTON KALISEK AND CKORP, LLC, | § | No. 08-20-00031-CV |
| | § | |
| Appellants, | | Appeal from the |
| v. | § | |
| | | County Court at Law No. 1 |
| HAYS CITY CORPORATION D/B/A TEX-CON OIL CO., | § | of Travis County, Texas |
| | § | |
| Appellee. | | (TC# C-l-CV-17-001286) |
| | § | |

## MEMORANDUM OPINION

This is an appeal from a quantum-meruit judgment arising from a dispute over payment for fuel deliveries. Fuel supplier Tex-Con Oil Co. had a credit agreement with its customer, CKorp, LLC. All indebtedness of CKorp under the agreement was personally guaranteed by the company's owner, Clayton Kalisek. A jury found breach of the credit agreement but no contract damages. The jury also found that Tex-Con performed but was not paid for compensable work for CKorp and Kalisek, and that it incurred reasonable and necessary attorney's fees. The trial court entered judgment, awarding the quantum-meruit damages jointly and severally against CKorp and Kalisek, and attorney's fees solely against Kalisek.

CKorp and Kalisek appeal, arguing that a motion to transfer venue was wrongly denied, that quantum-meruit damages are unavailable when the credit agreement governed the transactions, and that attorney's fees should not have been awarded against Kalisek as guarantor if they could not be awarded against CKorp as the principal. We affirm.

## Background

Tex-Con and CKorp executed a Fleetwide Credit Application for the purpose of Tex-Con providing business credit to CKorp. Most of the one-page document consists of an application form which solicited the applicant's tax identification number, address, references, and other business information. Toward the bottom of the page, just above the applicant's signature, appeared the following agreement:

> I/we/am/are authorized, in my capacity to bind my/our firm accordingly, that all accounts or monies due Tex-Con Oil Company shall be due within the payment terms established and agreed upon. Any account that becomes delinquent will be placed on credit hold and fueling privileges will be temporarily suspended until account becomes current. In the event the payment is not made on this account, the undersigned agrees to pay for costs incurred for collection.

The document was signed by Kalisek on behalf of applicant CKorp, in his capacity as "Owner."

Below the applicant's signature block, at the bottom of the page, appeared a paragraph labeled "Personal Guarantee" which stated:

> In consideration of credit being extended to the above named firm, I personally guarantee all indebtedness hereunder. I further agree that this guarantee is an absolute, complete and continuing one, and no notice of the indebtedness of any extension of credit already or hereafter contracted by or extended need be given. The terms may be rearranged, extended and/or renewed without notice to me.

The Personal Guarantee also was signed by Kalisek.

Tex-Con filed suit against CKorp and Kalisek in Travis County, alleging that it delivered lubricants, fuels, and materials to them, but they breached their agreement by failing to make

2

payment for seven invoices totaling an outstanding balance of $11,143.61. The lawsuit alleged causes of action for breach of contract and quantum meruit. Tex-Con also sought to recover its attorney's fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

The case was tried to a jury, and in the jury charge references to "CKORP" were defined to include both CKorp, LLC and Kalisek. The jury found that "CKORP" failed to comply with the Fleetwide Credit Application, and that its failure to comply was not excused, but that there were no contract damages. The jury also found that Tex-Con performed compensable work for "CKORP," reasonably valued at $9,079.91, for which it was not compensated. Finally, the jury found a reasonable fee for the necessary services of Tex-Con's attorneys to be $20,000. The trial court entered judgment in favor of Tex-Con, awarding $9,079.91 as actual damages in quantum meruit against CKorp and Kalisek, jointly and severally. It also awarded $20,000 in reasonable and necessary attorney's fees, but only against Kalisek. This appeal ensued.

**Analysis**

**I.     Venue**

CKorp and Kalisek challenge the denial of their motion to transfer venue from Travis County to Bexar County. In their motion, they specifically denied that Travis County was the county in which all or a substantial part of the events giving rise to the claim occurred. On appeal, they contend that when a venue fact is specifically denied as they did, Rule 87(3)(a) of the Rules of Civil Procedure requires the party pleading a venue fact to make prima facie proof of that venue fact. Because Tex-Con failed to file a response to the motion to transfer venue, the Appellants argue that it was reversible error for the trial court to deny the motion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b).

While Tex-Con did not file any document denominated as a response to the motion to transfer venue, it did amend its live pleading before the hearing on the motion. That amended petition alleged seven unpaid invoices, of which five were generated as a result of the delivery of lubricants, fuels, and materials from Tex-Con's Travis County location to the defendants at an address also located in Travis County. The amended petition had an affidavit attached, verifying the facts stated in the amened petition.

For this dispute over the proper venue, our standard of review is specified by statute. *See Gilcrease v. Garlock, Inc.*, 211 S.W.3d 448, 459 (Tex. App.—El Paso 2006, no pet.) (citing *Wilson v. Texas Parks & Wildlife Dep't*, 886 S.W.2d 259, 261 (Tex. 1994)). "In all venue hearings . . . [t]he court shall determine venue questions from the pleadings and affidavits." TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a). "In determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits." *Id.* § 15.064(b). Prima facie proof of venue facts is made when they are properly pleaded and an affidavit is filed, fully and specifically setting forth the facts supporting the pleading. TEX. R. CIV. P. 87(3)(a).

Under these standards, the entire record must be considered as part of our appellate review, including Tex-Con's amended pleading and its supporting affidavit. Thus, contrary to the Appellants' arguments, the relevant record did contain prima facie proof to support the alleged venue facts. Accordingly, the challenge to the denial of the motion to transfer venue, which is basely solely on Tex-Con's failure to file a separate response to the motion, must be denied. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b). Appellants' first issue is overruled.

## II.  Quantum meruit

In their second issue, CKorp and Kalisek contend that a valid contract covering the subject of the dispute—the Fleetwide Credit Application—precluded Tex-Con from recovering on a

4

theory of quantum meruit. "As a general rule, a plaintiff who seeks to recover the reasonable value of services rendered or materials supplied will be permitted to recover in quantum meruit only when there is no express contract covering those services or materials." *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988). CKorp and Kalisek argue that the credit agreement was the contract between the parties, and Tex-Con offered it into evidence. The jury was asked about it and specifically found that that CKorp failed to comply with the agreement. The Appellants thus argue that a recovery for quantum meruit was disallowed as a matter of law.

In response, Tex-Con characterizes the Appellants' position as an affirmative defense, which they were required to plead and prove. *See* Tex. R. Civ. P. 94. "When the existence of or the terms of a contract are in doubt, and there is a claim for unjust enrichment, it is incumbent on the party disputing that claim to secure findings from the trial court that an express contract exists that covers the subject matter of the dispute." *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 685 (Tex. 2000) (citing *Freeman v. Carroll*, 499 S.W.2d 668, 670 (Tex. App.—Tyler 1973, writ ref'd n.r.e.)). Because CKorp and Kalisek failed to plead express contract as an affirmative defense, Tex-Con argues that this challenge to its recovery for quantum meruit has been waived.

A defendant's failure to plead and prove the affirmative defense of an express contract is a waiver of the defense. *See, e.g.*, *Tricon Tool & Supply, Inc. v. Thumann*, 226 S.W.3d 494, 502 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (citing *Fortune Prod.* and *Freeman*); *see also City of El Paso v. Mountain Vista Builders, Inc.*, 557 S.W.3d 617, 623 (Tex. App.—El Paso 2017, no pet.) (quoting Tex. R. Civ. P. 94 for proposition that "[a] defendant is required to plead affirmative defenses including waiver, estoppel, and 'any other matter constituting an avoidance or affirmative defense'"). CKorp and Kalisek did plead affirmative defenses, but not the defense

that a quantum-meruit claim was barred by an express contract. Appellants' second issue is overruled.

### III. Attorney's fee award against Kalisek

In the last issue, Kalisek challenges the award of attorney's fees against him in his individual capacity, when he acted as a guarantor and attorney's fees were not awarded against his principal, CKorp. He argues that under Texas law litigants may recover attorney's fees only if specifically provided by statute or contract. *See Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011). Kalisek contends that because CKorp is a limited liability company, attorney's fees could not be awarded against it pursuant to Civil Practice and Remedies Code section 38.001, which authorizes the recovery of "reasonable attorney's fees from an individual or corporation . . . ." In fact the trial court did not award attorney's fees against CKorp. Kalisek also notes that while the agreement in the Fleetwide Credit Application provided that "[i]n the event the payment is not made on this account, the undersigned agrees to pay for costs incurred for collection," the jury awarded no damages for CKorp's failure to comply with that agreement. He thus argues that because CKorp is not liable to pay Tex-Con's attorney's fees, he cannot be held individually liable for the fees in his capacity as the guarantor of CKorp's indebtedness, when there is no obligation to pay attorney's fees that CKorp has failed to perform. *See, e.g.*, *Anderton v. Cawley*, 378 S.W.3d 38, 46 (Tex. App.—Dallas 2012, no pet.).

In response, Tex-Con argues that section 38.001 expressly authorizes the recovery of attorney's fees for a quantum-meruit claim involving "furnished material." TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(3); *see Base-Seal, Inc. v. Jefferson County*, 901 S.W.2d 783, 785 (Tex. App.—Beaumont 1995, writ denied). Apart from the arguments addressed above, Kalisek presents no appellate arguments that the judgment erroneously awarded quantum-meruit damages against

him individually. As such, section 38.001(3) authorized recovery of reasonable attorney's fees against him, an "individual" who was adjudged to be liable for a valid claim for furnished materials, and not merely in his capacity as guarantor. We overrule the final issue.

## Conclusion

We affirm the judgment of the trial court.


                                        MICHAEL MASSENGALE, Visiting Justice
February 12, 2021

Before Rodriguez, C.J., Alley, J., and Massengale, V.J.
Massengale, V.J., sitting by assignment