GRANGER REAL ESTATE EXCH. v. ANDERSON.

(Court of Civil Appeals of Texas. Austin. Feb. 7, 1912. Rehearing Denied March 13, 1912.)

1. BROKERS (§§ 45, 54*) — COMMISSIONS — WHEN EARNED.

A broker employed to procure a purchaser of real estate on terms specified, subject to the right of the owner to sell the property, must, to recover commissions, show that he procured a purchaser ready, willing, and able to buy on the terms specified, and the owner may in good faith withdraw the land from sale by the broker at any time and sell the land to a purchaser found by himself before the broker produces a purchaser accepting the terms of sale.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 46, 75-81; Dec. Dig. §§ 45, 54.*]

2. BROKERS (§ 88*)—INSTRUCTIONS—VERDICT.

Where, in an action by a broker for commissions, the court charged that if the owner promised the purchaser procured by the broker to give him until a subsequent date to decide whether he would accept the terms specified, and so informed the broker, and if in so doing the broker and owner contemplated that the purchaser should have the exclusive right until such date to purchase the land, the broker was entitled to recover, a verdict for the owner established that the two things specified in the instruction did not concur.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121-130; Dec. Dig. § 88.*]

3. FRAUDS, STATUTE OF (§ 74*)—"CONTRACT FOR SALE OF REAL ESTATE."

A parol agreement by an owner employing a broker to procure a purchaser, made with the purchaser procured by the broker, to give the purchaser a specified time to decide whether he will accept the terms specified, is a "contract for the sale of real estate" within the statute of frauds (Rev. St. 1895, art. 2543, § 4.)

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 83, 122-131; Dec. Dig. § 74.*

For other definitions, see Words and Phrases, vol. 2, p. 1530.]

4. VENDOR AND PURCHASER (§ 18*)—CONTRACTS—CONSIDERATION.

An agreement by an owner employing a broker to procure a purchaser, made with the purchaser procured by the broker, to give the purchaser time within which to decide whether he will purchase on specified terms, is merely an option contract, and is not supported by any consideration, and the owner may withdraw the promise at any time before acceptance by the purchaser of the terms proposed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 23; Dec. Dig. § 18.*]

Appeal from District Court, Williamson County; Chas. A. Wilcox, Judge.

Action by the Granger Real Estate Exchange against Dr. J. C. Anderson. From a judgment for defendant, plaintiff appeals. Affirmed.

Nunn & Hudson, for appellant. L. E. Sheffield, Richard Critz, and Wilcox & Graves, for appellee.

Findings of Fact.

JENKINS, J. Appellee was the owner of 233 acres of land, which he desired to sell. He listed the same with appellants for sale at $125 per acre, upon such terms as to cash and credit payments as might be agreed upon between appellee and the purchaser, with interest on deferred payments at the rate of 8 per cent. per annum. No exclusive agency was given appellants. On the contrary, they were informed that the land was listed with other agents, and that appellee reserved the right to sell the land himself. Appellants induced one O. R. Bartosh to examine the land, with the view of purchasing the same and, on

Saturday morning, arranged a meeting between Bartosh and wife and appellee, at appellee's office. None of appellants were present at this meeting. Appellee stated to Bartosh that he would sell him the land at $125 per acre, with 8 per cent. interest on deferred payments. Bartosh expressed a willingness to accept all of the terms proposed by appellee, except the rate of interest on the deferred payments, stating at first that he would pay only 6 per cent., and later offering 7 per cent. These offers were declined by appellee. There is a conflict in the evidence as to what appellee said to Bartosh about giving him until Monday to decide as to whether or not he would pay 8 per cent. interest, and also as to what appellee told one of appellants as to such promise. For the reasons set forth in the opinion, it is not necessary that we make any finding of fact as to these matters. During the day (Saturday), appellee sold the land to one A. W. Storrs for $125 per acre, with interest on deferred payments at the rate of 8 per cent. per annum, and so notified appellants. On the following Monday, Bartosh would have purchased the land on the terms proposed by appellee, had appellee not previously sold the land to Storrs. These facts are properly alleged in appellants' petition, in which they ask for damages for breach of contract on part of appellee, equal to 5 per cent. on the amount for which said land was sold. The case was submitted to a jury, which returned a verdict for appellee.

## Opinion.

[1] In order for appellants to recover, they must have tendered a purchaser who was ready, willing, and able to buy upon the terms fixed by the contract of agency between themselves and appellee. Under this contract appellee had the right to demand 8 per cent. interest on deferred payments. He also had the right to sell the land to a purchaser found by himself at any time before the appellants produced such purchaser, and he had the right to withdraw the land from sale by appellants at any time, having proper regard for good faith in so doing.

The evidence in this case does not suggest that the sale was made by appellee to avoid the payment of a commission to appellants. He sold to Storrs because he was unwilling to turn down a purchaser who was ready and willing to close the deal, for the chance of selling to another two days later, who might or might not be willing to purchase at the price and upon the terms that said land was for sale. The purchaser produced by appellants was not willing on Saturday, nor at any other time before appellants' agency had been terminated by the sale to Storrs, to buy the land on the terms fixed by appellee. And so it is clear that unless appellants were entitled to recover by reason of the alleged promise of appellee to give Bartosh until Monday in which to decide whether or not he would pay 8 per cent. interest on the deferred payments, appellants have no case.

Bartosh and wife testify that appellee agreed to give them until the following Monday to decide as to whether or not they would pay 8 per cent. on deferred payments, and one of appellants testified that appellee so informed him immediately after Bartosh and wife left the office of appellee. Appellee, and a witness who was in his office and heard the conversation, testified that Bartosh's wife asked that they be given a week in which to consider the matter, and that appellee positively refused to give any time, but informed them that he would sell to the first purchaser accepting his offer, and urged them, if they wanted the land, to sign a contract to purchase the same; that they refused to do this; and that Mrs. Bartosh said as they were leaving that they would come back Monday and let appellee know whether or not they would pay 8 per cent. interest. Appellee testified that he made no reply to this; that he did not object to their doing so for the reason that he hoped they would return and take the land on the terms offered. Appellee and another party who heard the conversation with one of the appellants above referred to, testify that appellee told said appellant that Bartosh and wife had promised to come back Monday, and not that he had promised to hold the land for them until that time.

[2] The court instructed the jury that if appellee promised Bartosh to give him until Monday to decide whether or not he would pay 8 per cent. on deferred payments, and so informed one of appellants, and that in so doing appellee and appellants mutually contemplated and intended that said Bartosh should have the exclusive right until Monday to purchase said land, to find for appellants. The adverse finding of the jury establishes the fact that these *two* things did not concur, but the verdict under this charge is not a finding that *neither* of them occurred.

[3, 4] Appellants asked the court to charge that if the first of these occurred—that is to say, if appellee made such agreement with Bartosh—to find for appellants. This charge was refused, and its refusal raises the only issue which we deem it necessary to discuss. As the evidence as to this issue was conflicting, if the requested charge is correct as a legal proposition, the refusal to give the same would constitute reversible error.

We hold that said requested charge did not correctly embody the law applicable to this case for two reasons: (1) Such an agreement, if made, was a "contract for the sale of real estate," and, not being in writing, was void under the statute of frauds. R. S. 1895, art. 2543, § 4. Said agreement, if made,

could amount to no more than an option to remain in force until the following Monday. "An option is simply a contract by which the owner of property agrees with another person that he shall have a right to buy the property at a fixed price within a certain time." Ide v. Leiser, 10 Mont. 5, 24 Pac. 695, 24 Am. St. Rep. 17. An option is not excepted from the general rule that contracts must be supported by a consideration, and a promise to give a party a certain time within which to buy land, if not supported by a valuable consideration, is nudum pactum, and will not prevent the owner from withdrawing the option whenever he sees fit. Coleman v. Applegarth, 68 Md. 21, 11 Atl. 284, 6 Am. St. Rep. 417; Williams v. Graves, 7 Tex. Civ. App. 366, 26 S. W. 334; Litz v. Goosling, 93 Ky. 185, 19 S. W. 527, 21 L. R. A. 127. Those who are desirous of pursuing this inquiry further are referred to the note to the case last above cited, and also to Williams v. Graves, supra, and the authorities referred to in said case.

The alleged agreement upon the part of appellee to give Bartosh until the following Monday to decide whether or not he would take the land upon the terms offered being void, as against the statute of frauds, not supported by consideration, unilateral, and therefore subject to withdrawal, and the same having been withdrawn by the sale of the land by appellee before the terms proposed by appellee were accepted by Bartosh, it could form no basis for appellants' recovery herein. Said agreement, being without consideration, was not binding as between appellants and appellee, even in morals, as appellants understood, when they accepted the agency of said land, that appellee was anxious to sell the same and would do so to the first purchaser who complied with the terms upon which he was offering the same, and that they could not expect that appellee would refuse to close a deal with a purchaser who was ready and willing to take the land, upon the contingency that another purchaser might take it upon the same terms at a subsequent date; and appellants must have realized that said promise, if made, was made upon the theory that no one else would offer to purchase the land at the price and upon the terms asked before the following Monday.

Appellants insist that, inasmuch as the terms of the sale were not stated to them, except the price per acre, but were to be fixed by appellee when a prospective purchaser was produced, such purchaser was entitled to a reasonable time in which to determine whether or not he would accept the terms offered by appellee when the same were made known to him; and they insist that two days was a reasonable time. If it can be said that the proposed purchaser should have had a reasonable time in which to accept or reject the proposition of sale when fully made known to him by the owner of the land, we do not think that it should be held that such prospective purchaser should have had two days in which to accept or reject the proposition. On the contrary, we think that, if he had not accepted it in two minutes after it was made, appellee would have had a right to withdraw the offer. Appellants' petition in this case is an answer to this contention. They allege that the contract was that they were to produce a purchaser who was ready, willing, and able to buy upon the terms proposed by the seller, and not one who might become willing to purchase upon such terms, if he was given two days, or any other time, to consider said proposition.

To our minds, the other assignments of error herein are without merit, and they are overruled without discussing the same. For the reasons herein stated, the judgment of the trial court is affirmed.

Affirmed.