### PECH v. GINSBURG.

#### No. 11008.

Court of Civil Appeals of Texas. Galveston.
July 18, 1940.

Rehearing Denied Dec. 5, 1940.

Merrill & Scott, of Houston (Frank L. Merrill, of Houston, of counsel), for appellant.

Mrs. Lynne Tamborello, of Houston, for appellee.

CODY, Justice.

This is a suit by appellee, as a real estate broker, to recover a commission.

It is undisputed that appellant listed a lot belonging to him, in Houston, with appellee for sale for the sum of $11,500, the purchaser to assume a mortgage against the property of $6,000, and pay $5,500 in cash—appellee's commission to be 5% of the sale price. It is likewise undisputed that the listing with appellee was not exclusive, and that appellant sold the property through another broker to a purchaser who was a stranger to appellee.

Appellee alleged in his petition: That about May 25, 1938, appellant listed the property in question with appellee for sale, agreeing to pay the usual 5% commission.

That about June 4, 1938, appellee procured Max Baum as a purchaser for the property in question, and appellee caused a meeting between Max Baum and appellant on said date, at which time appellant agreed to sell the property to Max Baum for a total consideration of $11,500, to be paid as follows: by accepting a certain diamond ring at the valuation of $2,000; the sum of $6,000 to be paid by the assumption of a mortgage then existing against the property; and the sum of $3,500 to be paid directly to appellant in cash by Baum, or said $3,500 was to be raised by additional financing on the property, and paid over to appellant. That thereafter, within the time agreed to, Max Baum was ready, willing and able to consummate the transaction by paying $3,500 in cash, and by assuming the

mortgage for $6,000, and by delivery of the $2,000 ring. And notice was given appellant by appellee of the readiness and ability of the prospective purchaser to consummate the purchase.

Further, and pleading in the alternative, it is alleged that Baum was ready, able and willing to buy said property on the agreed terms, inclusive of procuring additional financing on the property, and that appellant was so notified by appellee, and that appellant was requested to furnish information for a formal loan application and deliver abstract of title to the property, but this he refused to do, making further negotiations for the loan impossible. Pleading further in the alternative, appellee alleged that after making the contract for the sale of said property with Max Baum, appellant disabled himself from making such sale by selling the property to one Arthur Halber on June 7, 1938, excusing any further performance on the part of either Max Baum or of appellee. Damages were set at $575.

On June 4, 1938, appellee introduced Max Baum as a prospective purchaser to appellant. Appellee testified that appellant promised to give Baum ten days from June 4, 1938, in which to purchase the property.

In response to special issues the jury found that on June 4, 1938, appellant agreed to sell, and Max Baum to buy, the property; and that appellant agreed to allow Baum ten days from said date to consummate the purchase. The jury also found that within the ten days Max Baum was ready, willing and able to consummate the purchase of the property, of which fact appellant received notice. That appellant agreed to pay appellee $575 if a sale was made thereof through appellee's efforts. Due to assignments made by appellant, the discussion of which can best be understood if we set forth special issues Nos. 7, 8, and 9, we set these forth in terms:

"Special Issue No. VII.

"Do you find from a preponderance of the evidence that on June 4, 1938, Charles Ginsburg obtained a purchaser for the property known as 4811 Chenevert Street who was a ready, willing and able purchaser?

"Answer 'Yes' or 'No', as you find the facts to be.

"In view of the foregoing special issue, the Court charges that a 'ready, willing and able purchaser' is one who is ready and willing to purchase said property without any contingency or intervening cause whatsoever.

"Special Issue No. VIII.

"Do you find from a preponderance of the evidence that on June 4, 1938, Max Baum was willing to purchase said property at that time without anything to be done further on the part of the said Herbert L. Pech, Charles Ginsburg or Max Baum?

"Answer 'Yes' or 'No', as you find the facts to be.

"Special Issue No. IX.

"Do you find from a preponderance of the evidence that Max Baum's offer to purchase said property was contingent upon Herbert L. Pech obtaining a loan on said property?

"Answer 'Yes' or 'No', as you find the facts to be."

The jury answered special issue No. VII, "Yes", and answered special issue No. VIII, "No", and answered special issue No. IX, "No".

The court rendered judgment upon the jury's verdict for appellee against appellant for the sum of $575.

Appellant seeks reversal of the judgment on these grounds:

1. That neither verdict nor judgment are supported by the pleadings and evidence.

2. That it was error to render judgment for appellee, because his pleadings were subject to a general demurrer.

3. That the verdict is one of conflicting findings on material issues made by the pleadings and evidence.

If appellee's pleading and proof had merely established that appellant employed appellee to sell the property for the sum of $11,500, the purchaser to assume the mortgage against the property of $6,000, and pay $5,500 in cash, we would have to sustain appellant's first assignment of error. Stolaroff v. Campbell, Tex.Civ.App., 18 S. W.2d 838, 840; Granger Real Estate Exchange v. Anderson, Tex.Civ.App., 145 S. W. 262. However, when the pleading and proof is sufficient to establish that a real estate broker has procured a prospective purchaser who has been accepted by his principal, he has established his right to compensation. The fact that his principal may thereafter refuse to complete the sale cannot deprive the broker of his right to compensation.

We are unable to hold that the answer to special issue No. VIII is necessarily conflicting with the answers to the other special issues. When, according to appellee's version as indicated in his pleadings and proof, appellant accepted Max Baum as a purchaser, it was upon an understanding consistent with the jury's answer to special issue No. VIII. What has been said disposes also of appellant's second assignment.

Finding no reversible error, it is ordered that the judgment of the trial court be affirmed.

Affirmed.