Wilma Jeannie TATUM, Appellant,

v.

Rupert Wilder TATUM, as Temporary Administrator of the Estate of Henry Arlo Tatum, Deceased, Appellee.

No. 1622.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 11, 1980.

E. Dale Robertson, Joe Walsh & Associates, Brownsville, for appellant.

Jeffrey D. Roerig, Cox, Wilson, Black & Roerig, Brownsville, for appellee.

## OPINION

BISSETT, Justice.

This pre–nuptial contract case involves an appeal by Wilma Tatum, plaintiff in the trial court, from a summary judgment for Rupert Tatum in his capacity as personal representative of the estate of Henry Tatum, defendant in the trial court. We affirm.

On August 28, 1977, Henry Tatum orally promised appellant, hereinafter called "plaintiff," that if she would marry him and care for him until his death he would leave all he owned to her upon his death. This promise was orally accepted by plaintiff and the two were married on September 1, 1977. Subsequently, during the month of September, plaintiff and defendant executed a joint will which provided that when either died, all property owned by either would go to the survivor.

Between September 1, 1977, and November 16, 1978, the date of Henry Tatum's death, plaintiff cared for him by performing services including nursing, cooking, cleaning, gardening and yard maintenance. On October 23, 1978, however, Henry Tatum revoked his prior will and executed a new one which named Rupert Tatum and Margie Rodriguez as beneficiaries. Plaintiff was not named as a beneficiary of the October 23, 1978, will.

After Henry Tatum's death, plaintiff filed this suit seeking to impose a constructive trust upon the assets of the estate by virtue of the oral pre–nuptial agreement. According to plaintiff's theory advanced in this appeal, she alternatively sought a recovery against the estate under quantum meruit. This is disputed by Rupert Tatum, hereinafter called "defendant," who filed a motion for summary judgment on the ground that the pre–nuptial agreement was an oral agreement made in consideration of marriage and, therefore, unenforceable under the statute of frauds. This motion did not purport to address any claim allegedly raised by plaintiff under quantum meruit. Plaintiff did not file a response to the motion for summary judgment.

Plaintiff, in her first point of error, contends that the trial court erred in holding the agreement was unenforceable because Henry Tatum's execution of the joint will during September of 1977, constituted sufficient partial performance to take the admittedly oral pre nuptial agreement out of the statute of frauds. In support of that position, plaintiff relies upon *Smildsin v. Smildsin*, 38 N.Y.S.2d 955 (Sup. 1942), in which plaintiff loaned money to defendant in return for his promise to insure his life for $5,000.00 in her favor and to marry her. This was all done but later defendant changed the beneficiaries under his life insurance policy. The Supreme Court held that the statute of frauds had no application because the transaction was completely performed by both parties.

The authority of *Smildsin* has been questioned and described as possibly in conflict with higher New York case law. Annot., 30 A.L.R.2d 1419, 1428 n.1 (1953). Specifically, in *In Re Goldberg's Estate*, 275 N.Y. 186, 9 N.E.2d 829 (1937), the Court of Appeals held that the making of a will, in and of itself, is not such part performance of an oral pre-nuptial agreement as to take an oral pre nuptial agreement in consideration

of marriage out of the statute of frauds. The reasoning of *Goldberg* is that, because a will is not effective until death, the testator can change it anytime before his death.

It is settled in Texas that an oral promise based upon a consideration of marriage is unenforceable under the statute of frauds. *Watson v. Godwin*, 425 S.W.2d 424 (Tex.Civ.App.—Amarillo 1968, writ ref'd n.r.e.). Furthermore, the rendition of services by the plaintiff spouse is not sufficient part performance to render the promise enforceable. *Lieber v. Mercantile National Bank at Dallas*, 331 S.W.2d 463 (Tex.Civ. App.—Dallas 1960, writ ref'd n.r.e.). Moreover, as *Goldberg* holds, the making of a will is also not sufficient part performance to render the promise immune from a statute of frauds assault.

Plaintiff, in her second and final point of error, asserts that the trial court erred in rendering a full and final summary judgment when defendant's motion for summary judgment did not address plaintiff's alleged alternative claim under quantum meruit. Defendant's response to this contention is that plaintiff's pleadings cannot properly be construed as raising the issue of quantum meruit. Furthermore, defendant argues, even if plaintiff's pleadings do raise a quantum meruit issue, plaintiff had the further burden, which was not carried, to raise quantum meruit in a response to defendant's motion for summary judgment under the rule enunciated by the Supreme Court in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.Sup. 1979).

We agree with defendant that plaintiff's petition cannot properly be construed as alleging a claim for recovery under quantum meruit. The petition, recites the oral promise made by the defendant to plaintiff, the marriage, the execution of defendant's new will, and the death of defendant. It alleges a number of services performed by plaintiff for the defendant, and that defendant breached his contract with plaintiff to her damage. Finally, in her prayer, plaintiff asked that a constructive trust be imposed upon the assets of

defendant's estate or, alternatively, judgment "for services performed under the contract" with defendant.

Plaintiff contends that quantum meruit was raised by the above quoted alternative prayer when read in light of her petition's itemization of services rendered for defendant. The law is settled, however, that recovery on an express contract and on quantum meruit are inconsistent. Where there exists a valid express contract covering the subject matter, there can be no implied contract. *Woodard v. Southwest States, Inc.*, 384 S.W.2d 674 (Tex.Sup. 1964); *Beller v. DeLara*, 565 S.W.2d 319 (Tex.Civ.App.— San Antonio 1978, no writ). One may not merely allege an express contract and recover on quantum meruit. *Freeman v. Carroll*, 499 S.W.2d 668 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.); *Clower v. Brookman*, 325 S.W.2d 440 (Tex.Civ.App.—San Antonio 1959, no writ). In the case at bar, plaintiff's alternative prayer asks for judgment "under the contract," which can only mean the express oral agreement alleged earlier in the petition. Therefore, while there certainly is nothing to prevent plaintiff from pleading alternative theories of express contract and quantum meruit, she has not done so in her current suit.

Furthermore, we also agree with defendant's argument that, even if quantum meruit were plead, it has been waived as a theory under which this summary judgment could be reversed. In *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.Sup. 1979), the defendant city filed a motion for summary judgment, and at the time of the hearing on the motion, because of an agreement between the parties, the only issue presented to the trial court was whether plaintiff had standing to sue for violation of the Texas Water Code that had occurred outside the plaintiff's jurisdictional boundaries. Ruling on this single issue, the trial court granted the city's motion. The Court of Civil Appeals reversed, and held that the allegation of violations within plaintiff's boundaries gave rise to a fact issue. The Supreme Court reversed the Court of Civil Appeals and affirmed the

trial court on the basis of Rule 166–A, T.R. C.P., which requires the movant for a summary judgment to establish that he is entitled to a judgment as a matter of law "on the issues as expressly set out in the motion or in an answer or any other response" and which provides that "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal...." According to the Supreme Court, this language means that "both the reasons for the summary judgment and the objections to it must be in writing and before the trial court at the hearing." Furthermore, in order to ensure appellate review of an issue, the issue must be "expressly presented" in "written motions, written answers or with responses to the motion." Moreover, the term "answer" means "an answer to the motion, not an answer generally filed in response to a petition." This is not to say, however, that a non–movant must file an answer or response to the motion to argue on appeal that the movant's summary judgment proof is legally insufficient. It merely means that a non–movant will be precluded from raising other issues as grounds for reversal unless they were raised in the trial court in "written motion, written answers or written responses to the motion."

In *Clear Creek*, there was an agreement between the parties to limit the summary judgment to a single issue, although there were other issues raised by the pleadings. In *Combs v. Fantastic Homes, Inc.*, 584 S.W.2d 340 (Tex.Civ.App.—Dallas) writ ref'd n.r.e. per curiam 596 S.W.2d 502 (Tex. Sup. 1979), however, there was no such agreement. In *Combs*, a suit for damages under the Deceptive Trade Practices Act, defendant's motion for summary judgment was granted on the ground that plaintiff's own testimony by deposition showed that any representations to plaintiffs by defendant's agents were not made with intent to deceive. Plaintiff had filed no response to defendant's motion for summary judgment but contended on appeal that the record raised a fact issue of negligent representation. In holding that the theory of negligent misrepresentation could not be assert-ed on appeal as a ground for reversal, the Court of Civil Appeals stated that

"... summary judgment cannot be attacked on appeal on a question not presented to the trial court, either as a specific ground stated in the motion or as a fact issue presented by the opposing party in a written answer or other response. Accordingly, we hold that the opposing party, without filing an answer or other response, may raise for consideration on appeal the insufficiency of the summary ·judgment proof to support the specific grounds stated in the motion, but that he may not, in the absence of such an answer or other response, raise any other 'genuine issue of material fact' as a ground for reversal. In other words, the opposing party may challenge the grounds asserted by the movant, but he may not assert the existence of 'issues' not presented to the trial court by either party. Of course the only prudent course for the opposing party, in any summary–judgment case, is to file a response specifying the fact issues to be tried, so as to leave no uncertainty in this respect."

█ We think it is clear from the language and reasoning of *Clear Creek* and *Combs* that an issue raised by the pleadings is waived as a ground for reversal of a summary judgment on appeal where the motion for summary judgment addressed only certain other issues and the non–movant does not file a written response addressing the excluded issue. In the instant case, defendant moved for summary judgment solely on the statute of frauds issue and plaintiff filed no written response thereto. The theory of quantum meruit, assuming, arguendo, that it was sufficiently plead in the first instance, cannot now be urged as a ground for reversal of the summary judgment.

Both of plaintiff's points of error are overruled. The judgment of the trial court is AFFIRMED.