**Jesus M. OROZCO, Appellant,**

v.

**TEXAS GENERAL INDEMNITY COMPANY, Appellee.**

**No. 7045.**

Court of Civil Appeals of Texas, El Paso.

Jan. 28, 1981.

Mauro Rosas, El Paso, for appellant.

Grambling, Mounce, Sims, Galatzan & Harris, Morris A. Galatzan, Wiley F. James, III, El Paso, for appellee.

OPINION

OSBORN, Justice.

In this worker's compensation case arising out of an attack upon an employee by a fellow employee, the trial Court granted a Motion for Summary Judgment for the carrier. We reverse and remand.

Jesus Orozco has worked about three years for Peter Eckrich and Sons. On the morning of February 14, 1977, he was at the time clock looking for his time card when a supervisor in a different department from where he worked started hitting and punching him. He said they had not had any kind of argument prior to this occasion. Mr. Orozco grabbed his attacker who said, "Let me go, fight like a man." After he turned the man loose, the supervisor said to Mr. Orozco, "Let's go outside." They started outside, but Mr. Orozco saw the other fellow had a knife and he refused to go outside. They scuffled again for a moment then as Mr. Orozco reached down to pick up his lunch by the time clock, someone yelled and he turned around and was cut across the face by the attacker using a knife. Mr. Orozco testified during his deposition as follows:

Q  Why did he start fighting with you?

A  I don't know.

Q  You don't know? To this day you don't know?

A  No, sir.

   .     .     .     .     .

Q  And he never said anything to you why he started fighting with you?

A  No, sir.

Q  And to this day you don't know why?

A  No, sir.

Based upon this evidence, Texas General Indemnity Company asserts its basic contention that "Appellant's Pleadings, Deposition Testimony and Affidavit In Opposition to Motion for Summary Judgment Do Not Satisfy Appellant's Burden To Raise a Fact Issue Establishing That The Injury Occurred in the Course and Scope of Employment." It is this faulty assertion which results in the error in this case. The general rules applicable to this case are set forth in Collins v. New, 558 S.W.2d 108 (Tex.Civ. App.—Corpus Christi 1977, no writ), as follows:

By filing the motion for summary judgment in this case, the defendants were charged with showing as a matter of law that plaintiff did not have a cause of action against them. Gaddis v. Smith, 417 S.W.2d 577, 582 (Tex.Sup.1967). Summary judgment should be granted, and if granted should be affirmed, only if the summary judgment record establishes a right thereto as a matter of law. Farley v. Prudential Insurance Company, 480 S.W.2d 176 (Tex.Sup.1972).

The burden of proof is on the movant for summary judgment, and all doubts as to the existence of a genuine issue of a material fact are resolved against him. Parrott v. Garcia, 326 S.W.2d 897 (Tex. Sup.1969). Summary judgments are to be granted only on the merit of the summary judgment evidence, not on default of the movant's adversary. Swilley v. Hughes, 488 S.W.2d 64 (Tex.Sup.1972).

Despite Appellee's contention to the contrary, the non-moving party has no burden whatsoever in a summary judgment case until the moving party establishes its right to judgment as a matter of law. P. Sheehan, Summary Judgment: Let the Movant Beware, 8 St. Mary's L.J. 253 at 257 (1976); B. Tunks, Texas Summary Judgment Practice, 13 S.Tex.L.J. 1 at 2 (1971). At that time, the non-moving party must

raise a fact issue or raise some defense or claim which avoids the established right in order to prevent the entry of a summary judgment. *Oram v. General American Oil Company of Texas*, 513 S.W.2d 533 (Tex. 1974); 8 St. Mary's L.J., supra, at 260–263. In this case, the testimony of Appellant that he does not know why he was attacked does not prove as a matter of law that he was attacked for personal reasons which would result in the injury not being in the course of employment. Article 8309, sec. 1, Tex.Rev.Civ.Stat.Ann.

The Appellee's position is similar to that of the appellees in *Jones v. General Electric Company*, 543 S.W.2d 882 (Tex.Civ.App.—El Paso 1976, writ ref'd n. r. e.). In that case, suit was filed for damages to a house caused by a fire from a heating unit which was alleged to be defective. The appellees obtained a summary judgment because appellants' witnesses could not determine if the unit was defective or if it caused the fire. In reversing the summary judgment, this Court noted the difference between the burden of proof on a motion for summary judgment and on a trial on the merits. The Appellant in this case may never get past the instructed verdict stage of a trial on the merits, but in the motion for summary judgment proceedings he had no burden to meet until the carrier established as a matter of law that the attack was "because of reasons personal to him and not directed against him as an employee or because of his employment." Proof that an employee does not know why he was attacked, certainly doesn't show as a matter of law that the attack was for personal reasons unrelated to his employment.

We have reviewed all the cases cited by Appellee and for the most part they are compensation cases which were tried on the merits and do not involve the issue of the burden of proof in a summary judgment case.

We sustain Appellant's contention that the trial Court erred in granting Appellee's Motion for Summary Judgment. The judgment of the trial Court is reversed and the case remanded to that Court.