**Charles W. HOTT, Appellant,**

v.

**PEARCY/CHRISTON, INC., Appellee.**

**No. 05–82–00183–CV.**

Court of Appeals of Texas,
Dallas.

Nov. 4, 1983.

Rehearing Denied Nov. 23, 1983.

W.S. Barron, Jr., Dallas, for appellant.

Marvin Jones, Lawrence W. Anderson, Jr., Worley N. Barnes, Ernest E. Figari, Jr., Dallas, for appellee.

Before STOREY, SPARLING and ALLEN, JJ.

STOREY, Justice.

Charles W. Hott, the buyer, sued Pearcy/Christon, Inc., the seller, for specific performance of a land sales contract. Pearcy/Christon counterclaimed to quiet title to its land asserting lack of consideration for its agreement to convey. Hott pleaded estoppel in defense to the counterclaim, and alternatively, sought damages for breach of contract and fraud in the inducement. Hott appeals from summary judgment granted Pearcy/Christon claiming error in the court's refusal to grant his own summary judgment motion for specific performance and also in its grant of summary judgment against his claims for damages. We affirm.

The contract sued upon was prepared by Hott and accepted by Pearcy/Christon subject to certain counter-proposals which it inserted in the contract. Upon its return Hott approved the counter-proposals, but made certain additional alterations before signing. Pearcy/Christon claims that these alterations were material and consequently the contract became a counter-offer which was never accepted by it. Although the bulk of the arguments on appeal deal with the effect of these changes in the terms of the contract, we find it unnecessary to reach these issues because we hold that the contract granted an option which was revoked before the payment of independent consideration that would make it an irrevocable option contract.

Essential to our holding are two provisions of the contract. One provision is that which limits Hott's liability under the contract to the forfeiture of his earnest money. The other makes the contract contingent upon the purchaser's ability to secure satisfactory financing. The document did not require an immediate payment of earnest money, but it did provide that Hott was to make a series of payments to the seller to extend the deadline of the financing contingency. The first such payment, in the amount of $5,000, was to be paid sixteen days from the effective date of the contract.

Within eleven days of the effective date of the contract, Pearcy/Christon rejected the contract by a letter to Hott stating "unacceptable as modified." After the rejection by Pearcy/Christon, but before the sixteen days had lapsed, Hott tendered $5,000 to Pearcy/Christon which was promptly refused. There was no money paid nor tendered by Hott to Pearcy/Christon before this $5,000 tender.

■■ Pearcy/Christon concedes that "had there been a contract and had [Hott] paid and [Pearcy/Christon] accepted earnest money on the contract, [Hott] would have a valid option to purchase." We agree. While generally the mutual promise to buy and sell are sufficient to create a binding contract to convey land, they are not sufficient when the buyer's liability is limited to forfeiture of his earnest money. The effect of limiting liability results in an option to purchase, revocable at the will of the seller, unless and until an independent consideration is paid. *Echols v. Bloom*, 485 S.W.2d 798, 800 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). Here, Pearcy/Christon revoked the option before the payment of independent consideration as well as before Hott's exercise of the option.

■■ An option contract has two components: (1) the underlying contract which is not binding until accepted; and (2) the covenant to hold open to the optionee the opportunity to accept. *Plantation Key Developers, Inc. v. Colonial Mortgage Co.*, 589 F.2d 164, 168 (5th Cir.1979). The option agreement component states the terms upon which the seller is willing to sell his land, if the optionee elects to accept within the agreed time. *Aerojet-General Corp. v. Kirk*, 318 F.Supp. 55, 63 (N.D.Fla.1970); *Broady v. Mitchell*, 572 S.W.2d 36, at 40 (Tex.Civ.App.1978). Both the option and the underlying contract must be supported by consideration. *Echols*, 485 S.W.2d at 800; *Plantation Key Developers*, 589 F.2d at 168. If no consideration has passed, the option is revocable during its term. *J.*

CALAMARI & J. PERILLO, CONTRACTS § 2–27 (2d ed. 1977). Once consideration passes, the option becomes irrevocable and this is what is typically labeled an option contract. *Id.* § 4–15, at 158.

■ With option contracts that are supported by consideration there is no requirement of mutuality of obligation because by their very nature, one party is obligated to perform at the election of the other who is not bound by any executory obligation. *See Smith v. Hues,* 540 S.W.2d 485, at 490. When the optionee gives notice or otherwise complies with the terms and conditions of the option—regardless of the existence of consideration for the option—a bilateral executory contract is formed, one party having the duty to convey and the other the duty to pay. *See El Paso Natural Gas Co. v. Western Building Associates,* 675 F.2d 1135, 1140 (10th Cir.1982); 1A A. CORBIN, CONTRACTS § 264, at 514–15 (1963).

■ Under the facts here, we conclude that the option was never made irrevocable by the payment of consideration and Pearcy/Christon revoked the option before it was accepted according to its terms. *Echols,* 485 S.W.2d at 800; *Granger Real Estate Exchange v. Anderson,* 145 S.W. 262, 264 (Tex.Civ.App.—Austin 1912, no writ). It cannot be said that this was a void contract but merely that it never became a binding contract. An owner of land has the power to grant an option with respect to his property at any time and upon any terms he may see fit. And the law gives him the power to revoke a gratuitous option before it is accepted. We conclude, therefore, that summary judgment was proper with respect to Hott's claim for specific performance.

■ Hott next contends that the trial court erred in granting summary judgment because the judgment did not dispose of two alternative claims for damages based upon breach of contract and fraud. Hott also contends that the judgment did not dispose of his claim of promissory estoppel which was alleged to defeat Pearcy/Christon's defense of lack of consideration. We disagree with these contentions. The summary judgment proof and allegations presented all three of these issues to the trial court, which denied summary judgment on all of Hott's claims and granted Pearcy/Christon's motion. We reach the conclusion here that the trial court necessarily disposed of these issues when it resolved the parties' cross-motions and responses that presented all three issues to the trial court. Hott pleaded estoppel alleging that in reliance upon Pearcy/Christon's representations he purchased adjacent property for use as a parking lot. Hott moved for summary judgment on his entire claim for specific performance and in his supporting affidavit, which was also made in response to Pearcy/Christon's motion for summary judgment, stated:

> On October 28, 1980 *believing that Pearcy/Christon Inc. was contractually obligated to convey* to me the property described on Exhibit A, and *solely as a result of my reliance on this contract* I contracted to purchase an additional tract of land from a third party for use as a parking lot in association with a tract of land purchased from Pearcy/Christon, Inc. *I would not have done so had Pearcy/Christon, Inc. not entered into the contract* attached hereto as Exhibit A. [emphasis added]

■ Whether Hott relies on estoppel by contract or equitable estoppel is not clear from the pleadings, but the facts together with his affidavit demonstrate as a matter of law that he may not rely upon either theory. Estoppel by contract will not lie because the contract was not fully executed by payment of independent consideration. *Echols,* 485 S.W.2d at 801. Equitable estoppel will not lie because it requires reliance upon a misrepresentation, which was not present here. *Echols, id.* at 802. Because estoppel was plead as a matter of defense, and the facts relied upon to establish it were presented in Hott's affidavit in support of his motion as well as in response to Pearcy/Christon's motion, the matter was properly disposed of by summary judgment.

Similarly, because Hott relied solely on the contract and his belief that it obligated Pearcy/Christon to convey the property rather than upon any representation made to him by Pearcy/Christon, an essential element of fraud is lacking. Hott alleged that "By the fact of entering into the contract ... defendant expressly or by implication in fact or at law represented that defendant intended to perform his obligations thereunder." It is clear from Hott's pleading as well as his summary judgment proof that he did not rely upon any representations made by Pearcy/Christon but instead relied upon the written document. Therefore, while Pearcy/Christon's summary judgment motion did not negate Hott's fraud claim, Hott's own pleading and motion negated the claim, and we should not remand the case for trial of an issue already resolved.

Finally, in the absence of a binding contract supported by consideration, Hott cannot succeed on his breach of contract claim. In any event, Pearcy/Christon complied with the terms of the option by revoking before acceptance.

Consequently, Pearcy/Christon as movant established its right to summary judgment as a matter of law on its claim to quiet title, which necessarily disposed of the specific performance and promissory estoppel issues, and also demonstrated as a matter of law that there could be no issue of fact relative to Hott's affirmative claims for damages for fraud and breach of contract.

The judgment is affirmed.

SPARLING, Justice, dissenting.

The majority devotes considerable space to the issue of whether the document in question was an option or a contract of sale. I find the majority's conclusion unnecessary because an option *is* a contract—for which there must be consideration. Therefore, if there was no consideration passing from Hott to Pearcy/Christon—as majority contends and I agree—the document was a *nudum pactum:* no contract at all. This is a basic truth regardless of whether the document is an option or a contract of sale.

I further disagree with the majority's disposition of the issues of estoppel and fraud. Plaintiff Hott pled estoppel and fraud; therefore, to successfully obtain summary judgment defendant Pearcy/Christon must demonstrate that Hott cannot prevail as his case is pleaded. *Clark v. Memorial Hospital,* 551 S.W.2d 469 (Tex. Civ.App.—Tyler 1977, no writ).

Pearcy/Christon's Motion for Summary Judgment dated August 21, 1981, alleged that the "contract" lacks consideration, but the motion is silent regarding estoppel or fraud. On October 1, 1981 Hott countered with his motion for summary judgment and answer to Pearcy/Christon's motion. Hott's motion spoke only to the validity of the contract, although he did allege by affidavit a detrimental reliance upon a representation made by Pearcy/Christon.[1] On October 26, 1981, Pearcy/Christon again filed a motion for summary judgment and answer to Hott's motion. Again, Pearcy/Christon alleged that the document was unenforceable as a contract, and, again, there was no mention of fraud or estoppel. In sum, Pearcy/Christon nowhere demonstrated that Hott cannot prevail under his pleadings of fraud and estoppel.

Yet the majority claims "[T]he summary judgment proof and allegations presented all three of these issues to the trial court.... We reach the conclusion here that the trial court necessarily disposed of these issues when it resolved the parties' cross-motions and responses that presented all three issues to the trial court." The record simply does not support this statement.

The majority disposes of the issue of estoppel by simply stating "... it [estoppel] requires reliance upon a misrepresentation which was not present here."[2] By such

---

1. This allegation is quoted in the majority opinion.

2. In supporting this grand conclusion, majority cites *Echols v. Bloom,* 485 S.W.2d 798. But *Echols* was not decided by summary judgment.

statement, the majority has shifted the burden of summary judgment proof. The plaintiff, Hott, need not prove estoppel to avoid summary judgment; the defendant, Pearcy/Christon, must, by summary judgment proof, show that Hott was not entitled to judgment as a matter of law under the theory of estoppel. Pearcy/Christon failed to do this.

In disposing of Hott's averments of fraud, the majority, citing no authority, states "Similarly, because Hott relied solely on the contract . . . an essential element of fraud is lacking." Perhaps the majority has overlooked the right of Hott to plead in the alternative. TEX.R.CIV.P. 48.

I am not unaware of *Tatum v. Tatum,* 606 S.W.2d 31 (Tex.Civ.App.—Corpus Christi 1980, no writ) which places an affirmative duty upon the plaintiff, as the party opposing a motion for summary judgment, to point out to the court a theory of recovery which was properly pled but unaddressed by defendant's Motion for Summary Judgment. *Tatum,* 606 S.W.2d at 33. I would respectfully refuse to follow *Tatum.*

*City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979), teaches that "[t]he trial court may not grant a summary judgment by default for lack of an answer or in response to the motion by the non-movant when the movant's summary judgment proof is legally insufficient." *Clear Creek,* 589 S.W.2d at 678. A defendant has the burden of establishing by his motion for summary judgment that he is entitled to judgment as a matter of law on *all theories of recovery.* *Chessher v. Southwestern Bell Telephone Co.,* 658 S.W.2d 563 (Tex.1983); *Ashcroft v. W.T. Bradshaw and Co.,* 601 S.W.2d 809 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.). The burden of proof does not shift from the movant in summary judgment proceedings. *Clear Creek,* 589 S.W.2d at 678. *See also Orozco v. Texas General Indem. Co.,* 611 S.W.2d 724 (Tex.Civ.App.—El Paso 1981, no writ). Because a promise

The court in *Echols* had an entire trial record before it from which to draw the conclusion of

supported by promissory estoppel and fraud are "theories of recovery" and they were unaddressed by Pearcy/Christon's motion for summary judgment, Hott, as non-movant, had no duty to respond.

Again, Pearcy/Christon's Motions for Summary Judgment aver only that the agreement with Hott is unenforceable; they do not negate Hott's cause of action relating to estoppel or fraud. Therefore, I would hold that the court erred by granting summary judgment as to these matters and that a partial summary judgment was appropriate. Accordingly, I dissent from the opinion of the majority and would remand this case to the trial court to dispose of the issues of estoppel and fraud.