**R.V. HEBISEN, Dan Hennigan and Fred Fraser, Appellants,**

v.

**NASSAU DEVELOPMENT COMPANY, Appellee.**

No. C14–86–588–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 16, 1988.

Rehearing Denied July 14, 1988.

Dan Hennigan, R.V. Hebison, Fred L. Fraser, Houston, for appellants.

Sawnie A. McEntire, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Nassau Development Company, lessor, sued R.V. Hebisen, Dan Hennigan and Fred Fraser, lessees, to recover more than $55,000.00 allegedly due under an office space lease contract. A cause of action for actual and punitive damages for fraud was also alleged.

We will refer to Hebisen, Hennigan and Fraser as appellants and to Nassau Development Company as appellee.

A jury trial resulted in a verdict favorable to appellee. The trial court rendered judgment for appellee for $38,391.00 "as actual damages," prejudgment interest thereon, punitive damages of $60,000.00 and attorney's fees.

We cannot determine whether the $38,391.00 awarded to appellee "as actual damages" in the judgment was for fraud damages or was for the amount of money the jury found was due to appellee under terms of the lease contract. For reasons explained later in this opinion we affirm that part of the judgment awarding appellee $38,391.00. We base that affirmance on the jury findings of that total amount due under the terms of the lease contract but not as actual damages for fraud. We reverse that portion of the judgment awarding punitive damages for fraud. We sever the entire fraud cause of action for actual and punitive damages and remand it for a new trial. We affirm the judgment in all other respects.

Appellants, three practicing attorneys, entered into a written lease agreement with appellee for approximately 1456 square feet of office space in a building owned by appellee. The common address

of the leased premises, as set forth in the lease, is 1275 Space Park Drive, Suite 100, Houston, Harris County, Texas. The building is physically located in Nassau Bay, Texas, which has no post office. The lease term ran from April 1, 1981, through March 31, 1984. Appellants occupied the leased space continuously from April 1, 1981, through April 5, 1984.

According to the lease appellants were to make monthly base rental payments of $1,092.00, plus rental escalation payments based on a formula set forth in the lease agreement. It is undisputed that appellants never made any of the rental escalation payments. They also failed to pay base rent from May, 1983 through April, 1984; and they were late with most earlier base rental payments.

Appellants refused to vacate the leased premises upon demand by appellee in October, 1983. Appellee instituted a forcible detainer action, which was decided in its favor by the Justice Court and again by the County Court at Law on trial de novo. Appellants did not vacate the premises until April 5, 1984, the day a writ of restitution was to issue from the County Court at Law. Appellee then filed this suit against appellants.

■ With respect to the alleged fraud cause of action the jury made the following findings:

(1) At the time the lease was signed appellants represented that they would pay to appellee the rental payments, including rental escalation payments, under the lease agreement;

(2) appellee relied on the representations to its detriment;

(3) at the time the representations were made appellants did not intend to pay the rental escalation payments; and

(4) appellants made the representations with the intent that they should be acted upon by appellee.

In points of error two and three appellants contend there is no evidence or factually insufficient evidence to support the jury finding that appellee relied on appellants' representation that they would make rental escalation payments.

We have reviewed all of the evidence and hold it is sufficient to support the jury finding of appellee's reliance on appellants' representation. Appellants argue that an element of the fraud cause of action is lacking because the only evidence of appellee's reliance is the written lease agreement itself. They cite *Hott v. Pearcy/Christon, Inc.* 663 S.W.2d 851, 855 (Tex.App.–Dallas 1983, writ ref'd n.r.e.), for its holding that reliance solely on a written contract is insufficient to support a fraud claim. The *Hott* opinion cites no authority for its holding, and it has not been cited in any subsequent decision for the proposition it states.

We decline to follow *Hott.* We hold the executed lease agreement, containing the promise of appellants as lessees to pay rental escalation charges, is sufficient to support the jury finding of reliance. *See Dodson v. Sizenbach*, 663 S.W.2d 13 (Tex. App.–Houston [14th Dist.] 1983, no writ). We overrule points of error two and three.

■ In points of error four through seven appellants challenge the legal and factual sufficiency of the evidence to support the jury findings that appellants did not intend to pay the rental escalation charges at the time they represented to appellee that they would make such payments, and that appellants intended appellee to act on the representations to its injury. The gist of appellants' argument appears to be the lack of direct evidence concerning their state of mind.

Intent may be inferred from subsequent acts after the representation was made. *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex.1986). Proof of intent is almost always made by circumstantial evidence. *Id,* at 434–35; *Duval County Ranch Co. v. Wooldridge*, 667 S.W.2d 887, 894–95 (Tex.App.—Austin 1984, no writ). To determine intent we look at circumstances under which the promise was made, the relationship and interests of the parties, the nature of the transaction, the failure to perform and the nature of efforts

to perform. *Duval County Ranch Co. v. Wooldridge,* 667 S.W.2d at 895.

The record establishes that appellants failed to pay any rental escalation charges and made no efforts to do so. The evidence also shows appellants denied any obligation to make rental escalation payments. Hennigan stated in his deposition that they knew they were not obligated for escalation payments under the terms of the lease. Additionally, Hebisen testified that the leasing agent informed them not to worry about the escalation charges, that Nassau Development Company would never charge them for it. Fraser testified that he made the decision to withhold the rental escalation payments. There was no testimony from any of the appellants that they had ever intended to make rental escalation payments.

We hold there is sufficient evidence to support the jury findings and overrule points of error four through seven.

In points of error eight and fourteen appellants challenge the award of actual and exemplary damages for fraud. Point of error eight states that the evidence is insufficient to support the jury finding that appellee "suffered any injury as a proximate cause (sic) of its reliance" on appellants' representations. Point of error fourteen states that because there is no evidence of fraud or damages proximately caused by fraud, any award of exemplary damages is erroneous.

The only evidence of appellee's actual damages is its loss of base rental payments ($12,740.00), rental escalation payments ($6,238.84), and late charges ($19,413.00). These amounts of money were found by the jury in answer to three separate special issues to be unpaid, due and owing to appellee pursuant to the provisions of the office lease contract.

In another special issue the jury was asked to find the amount of appellee's actual damages proximately caused by its reliance on appellants' representations. The jury's answer was $38,391.00. Except for a difference of eight-four cents this is the sum total of the three amounts of money found by the jury to be due and owing to the appellee under the provisions of the lease contract. These items of damages are not fraud damages. They are contract damages recoverable under the terms of the lease agreement irrespective of appellants' intent at the time they signed the lease not to pay the rental escalation charges. The record before us contains no evidence of any actual damages to appellee proximately caused by fraud.

■ Here, the injury is only the economic loss to the subject of the contract itself. For those damages appellee's action sounds in contract alone. *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex.1986).

■ In response to Special Issue No. 10 the jury found punitive damages for fraud in the amount of $60,000.00. In the absence of evidence of any recoverable actual damages for fraud, punitive damages may not be recovered. *Texas Oil and Gas Corp. v. Hagen,* 31 Tex.Sup.Ct.J. at 143, (December 19, 1987); *Bellefonte Underwriters Ins. Co. v. Brown,* 704 S.W.2d 742, 745 (Tex.1986).

Ordinarily, a "no evidence" holding calls for a reversal and rendition. However, appellants' eighth point of error complains only of insufficient evidence to support the jury finding. It is possible to read from the argument in their brief that appellants intended the point of error to challenge both the legal and factual sufficiency of the evidence. *See Pool v. Ford Motor Co.,* 715 S.W.2d 629, 633 (Tex.1986).

■ Nevertheless, even interpreting appellants' point liberally under *Pool* and construing it as one of no evidence, we are precluded from rendering judgment that appellee take nothing. Appellants have failed to lay the proper predicate for reversal and rendition. In order to permit this court to reverse the judgment of the trial court and render judgment for appellants, the point of error must be related to one or more of the following procedural steps in the trial court: (1) motion for instructed verdict; (2) objection to submission of a vital fact issue; (3) motion for judgment notwithstanding the verdict; or (4) motion to disregard the jury's answer. *Commer-*

*cial Ins. Co. of Newark, N.J. v. Puente,* 535 S.W.2d 948, 950 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.).

The record before us fails to show that appellants met any of those prerequisites. We hold that the point of error, preserved only by motion for new trial, authorizes only reversal and remand for new trial. *Gillespey v. Sylvia,* 496 S.W.2d 234, 235 (Tex.Civ.App.—El Paso 1973, no writ).

We sustain appellants' points of error eight and fourteen. We reverse that part of the judgment which awarded punitive damages of $60,000.00 and we sever and remand the fraud cause of action for a new trial. *See Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400, 401–02 (Tex. 1981).

In view of our severance and remand of the fraud cause of action, we do not pass on the question presented in appellants' first point of error.

■ Appellants raise legal and factual insufficiency issues in points of error nine through thirteen. They contend the evidence establishes as a matter of law the parties' failure to agree both on the meaning of the lease term "net usable area," and on the ratio used to compute escalation charges. They argue alternatively that the jury findings in those areas are against the great weight and preponderance of the evidence. They maintain the findings to Special Issue Numbers 13, 14, and 3 should be disregarded.

The jury responded unanimously, finding the following in answer to three special issues:

## SPECIAL ISSUE NO. 3

What sum of money, if any, do you find is unpaid, due, and owing NASSAU DEVELOPMENT CO. pursuant to the rental escalation provision of the Office Lease agreement?

\* \* \* \* \* \*

Answer: $6,238.84.

\* \* \* \* \* \*

## SPECIAL ISSUE NO. 13

Did the parties fail to agree on the meaning of "net usable area" on the date of execution of the lease?

Answer: No.

\* \* \* \* \* \*

## SPECIAL ISSUE NO. 14

Did the parties fail to agree to the ratio to be used in computing Defendant's pro-rata share of escalation charges?

\* \* \* \* \* \*

Answer: No.

Appellants allege the lease agreement neither defines "net usable area," nor provides the multiplicand for computing the base operating expense factor. They also claim no evidence to show operating expenses were determined according to generally accepted accounting principles. Appellants fail to cite any authority for their position.

Appellants submitted Special Issue Numbers 13 and 14 and made no motion to have the trial court disregard the findings prior to the entry of judgment. Tex.R.Civ.P. 301. Furthermore, they presented no evidence as to their understanding of the terms of which they now complain.

We hold the lease agreement unambiguously provides the method for calculating rental escalation ("net usable area" actually occupied by appellants, divided by the building's total area, or 37,794 square feet). The lease agreement also clearly states appellants' "net rental area" equals 1456 square feet, which includes a ten percent common area add-on for tenants occupying less than an entire floor.

Jan Griffith, appellee's leasing director, testified without objection that the net usable area of the lease space was based on wall-to-wall measurement. In this case the area was 1325 square feet, to which was added the ten percent common area factor, giving the net rental area of 1457 (1456) square feet set forth in the lease agreement. She also testified, again without objection, that the terms "net usable" and "net rental" have a common trade meaning.

The record shows appellants were all involved in negotiations before signing the agreement. Hennigan testified he had no concerns about the lease, had no reason to question it, and understood its terms and provisions. Fraser testified in like manner.

A review of the record shows as well that appellants offered no controverting evidence regarding the accounting principles with which they now take issue. Neither was contradictory evidence produced to dispute the amount of $6,238.84 in escalation charges.

We have reviewed the evidence applying the appropriate standards for factual and legal insufficiency. We hold there is sufficient evidence to support the jury's answers to Special Issues 3, 13 and 14. Points of error nine through thirteen are overruled.

In appellants' fifteenth point of error they assert the trial court erred in rendering judgment for attorney's fees and late charges, since the evidence conclusively establishes appellee is not entitled to recover such damages. Appellants maintain their "tender" of base rental payments, refused by appellee, excuses them from payment of late penalties of $19,413.00 and attorney's fees of $15,000.00 (jury findings in response to Special Issues 4 and 12). We do not agree.

The following two unambiguous paragraphs of the lease agreement clearly specify both the lessees' obligation for late charges and the payment of attorney's fees by a defaulting party:

### ARTICLE 2. RENTAL

\*  \*  \*  \*  \*  \*

2. In the event of any failure of Tenant to pay rents or any other monies due Lessor, Lessor shall have the right to assess Lessee a penalty charge in addition to the amounts then due and without prior demand therefore [sic] and without any deduction or offset. Beginning on the fifth day after the date on which said payment was due, Lessor may assess Lessee an amount of Five Dollars ($5.00) for the first five (5) days and One Dollar ($1.00) for each succeeding day up to and including the date on which Lessee shall tender the late rental payments and the total of the penalty charges computed as hereinabove provided.

\*  \*  \*  \*  \*  \*

### ARTICLE 41. ATTORNEY'S FEES

In the event Lessor or Lessee breaches any of the terms of this agreement whereby the party not in fault employs attorneys to protect or enforce its rights hereunder and prevails, then the defaulting party agrees to pay the other party reasonable attorney's fees incurred by the prevailing party.

Article 2 of the lease agreement requires appellants to pay late charges. Appellants' alleged "tender" of base rental payments was ineffective, since the sum tendered was less than the full amount due under Article 2. *See Veale v. Rose*, 657 S.W.2d 834, 839–40 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). We hold the jury had sufficient evidence on which to base its finding of late charges. The trial court properly awarded the sum of $19,413.00 in late charges.

We likewise hold the trial court's award of attorney's fees was proper. Appellee's second amended petition sought reasonable attorney's fees based on breach of contract. Furthermore, Article 41 of the lease agreement requires payment of attorney's fees by a defaulting party. Point of error fifteen is overruled.

Appellants argue in their sixteenth point of error that because the lease agreement fails to identify with certainty the location of the leased premises, it violates the Texas Statute of Frauds, Tex.Bus. & Com.Code Ann. § 26.01(b)(5) (Vernon Supp.1987), and is thus unenforceable. They claim, therefore, that jury findings to Special Issues 1 through 4 should be disregarded. The findings in question are appellants' failure to pay rent for over ten days; and the unpaid, due, and owing sums of $12,740.00 (base rental), $6,238.84 (rental escalation), and $19,413.00 (late charges).

The crux of appellants' argument is that the lease agreement identifies the location

of the property in question as Houston, Harris County, Texas, while the property is actually physically located in Nassau Bay. Hebisen's testimony as well as that of appellee's leasing agent, Jan Griffith, establishes the mailing address for those in Nassau Bay to be Houston. Ms. Griffith explained that Nassau Bay City has no post office.

To adequately describe property, the written description must furnish within itself the means or data by which the property may be identified with reasonable certainty. *Garner v. Redeaux*, 678 S.W.2d 124, 127 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). The lease agreement fulfills this requirement. We overrule appellants' sixteenth point of error.

Appellee brings a single cross-point alleging appellants have prosecuted this appeal for delay and without sufficient cause, and seeking damages pursuant to Tex.R. App.P. 84. We have considered the cross-point and overrule it.

We reverse that portion of the judgment awarding exemplary damages for fraud, and sever and remand the fraud cause of action for a new trial. We affirm the judgment in all other respects.