Affirmed as Modified and Opinion filed December 31, 2002









Affirmed as Modified and Opinion
filed December 31, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00054-CV

____________

 

R.V. HEBISEN, DAN HENNIGAN, and FRED FRASER,
Appellants

 

V.

 

NASSAU DEVELOPMENT CO., Appellee

 



 

On
Appeal from the 152nd District Court

Harris County, Texas

Trial
Court Cause No. 00-64192

 



 

O
P I N I O N

The
trial court granted summary judgment and revived a dormant judgment in favor of
a landlord for rent due under a lease. 
Appellants claim (1) the trial court=s judgment is void because it awarded greater relief than the
trial court was authorized to grant and (2) the trial court erroneously awarded
attorney=s
fees to appellants.  We modify the
judgment to delete the award of Apost-judgment attorney=s fees@ and, as modified, affirm.








This
case began almost twenty years ago over a dispute between a landlord and three
tenants under a lease for office space. 
The landlord, Nassau Development Co., alleged both breach of the lease
and fraud.  On April 25, 1986, following
a jury trial, Nassau obtained a judgment against appellants, R.V. Hebisen, Dan Hennigan, and Fred
Fraser, for $38,391.00 in actual damages (plus prejudgment interest),
$60,000.00 in exemplary damages, and attorney=s fees.  The tenants
appealed, and on June 16, 1988, this court reversed the exemplary-damage award
and remanded Nassau=s fraud claim for a new trial. 
The remainder of the judgment, including the awards of actual damages,
prejudgment interest, and attorney=s fees, was affirmed.  See
Hebisen v. Nassau Dev. Co., 754 S.W.2d
345 (Tex. App.CHouston [14th Dist.] 1988, writ denied).  The Texas Supreme Court denied application
for writ of error, and this court issued its mandate on January 31, 1990.  Following issuance of the mandate, the trial
court granted Nassau=s motion to dismiss its fraud claim with prejudice, leaving
only the portion of the judgment that had been affirmed.








In
December 2000, Nassau filed a Petition for Enforcement of Judgment B
Action for Debt, seeking to revive its now-dormant judgment against appellants.[1]  Nassau then filed a motion for summary
judgment, asking the court to revive the judgment and to award Nassau its
attorney=s
fees in connection with the enforcement of the judgment.  Appellants responded to Nassau=s
motion by asserting that Nassau=s claim was barred by limitations.  On December 17, 2001, the trial court entered
judgment decreeing that the AJudgment dated April 25, 1986 is hereby and shall be revived
and declared fully enforceable in all respects.@  The court further
ordered that Nassau recover from appellants Aall damages and award of value, including attorney=s
fees, costs of court, and any and all additional remedies and entitlements
pursuant to Judgment dated April 25, 1986.@  Attached to the trial
court=s
judgment was a copy of the 1986 judgment, which the trial court noted was Aincorporated
in this Judgment by reference as if copied herein verbatim.@  In addition, the trial court awarded Nassau
$8,750.00 in Apost-judgment attorney=s fees@ and $7,500.00 in conditional fees for any unsuccessful appeal
by appellants to this court.  Appellants
timely appealed.

Appellants
first argue that the trial court=s 2001 judgment is void because the court exceeded its
jurisdiction and awarded additional relief beyond that authorized by this court=s
1990 mandate.  As a result of our mandate
and the subsequent dismissal of Nassau=s fraud claims, the judgment in the underlying case was limited
to those portions of the 1986 judgment that were affirmed on appeal.  See Cook v. Cameron, 733 S.W.2d
137, 139 (Tex. 1987) (AWhen an appellate court affirms a trial court=s
judgment or renders a judgment which the trial court should have rendered, that
judgment becomes the judgment of both courts.@).  In the present
action, the trial court had no authority to Arevive@ a portion of the original judgment that no longer
existed.  Appellants claim that because
the 2001 judgment refers to the 1986 judgment without express limitation and
incorporates its language by reference, the trial court exceeded its authority
and the 2001 judgment is void.  We
disagree.








Public
policy favors the validity of judgments; thus, we extend a presumption of
validity to judgments from courts of general jurisdiction.  Vickery v. Comm=n
for Lawyer Discipline, 5 S.W.3d 241,
251 (Tex. App.CHouston [14th Dist.] 1999, pet. denied).  The 2001 judgment=s
references to the AJudgment of April 25, 1986@ could reasonably be construed as referring to either the
original unmodified judgment or the judgment as modified by this court=s
judgment and mandate.  When faced with an
ambiguity, we should adopt the interpretation of a judgment that correctly
applies the law.  See MacGregor v. Rich, 941
S.W.2d 74, 75 (Tex. 1997).  We may
also consider the entire record to clarify the judgment=s
provisions.  See Wilde v. Murchie, 949 S.W.2d 331, 333
(Tex. 1997).  Although the trial court
refers to the AJudgment of April 25, 1986,@ that Ajudgment@ was no longer valid, as it had been superseded by our judgment
on appeal and the trial court=s dismissal of Nassau=s fraud claims. 
Accordingly, we interpret the trial court=s reference to the AJudgment of April 25, 1986@ as referring to the portions of that judgment that were
affirmed on appealCthe only valid judgment that could be revived.  Interpreted this way, the trial court did not
exceed its authority under this court=s 1990 mandate, and the 2001 judgment is not void.

Appellants
also argue that the trial court erred in awarding Nassau its attorney=s
fees in connection with its Petition for Enforcement of Judgment B
Action for Debt.  Appellants claim there
is no statutory authority to support the court=s award of Apost-judgment attorney=s fees.@  We agree.  Attorney=s fees are not recoverable unless authorized by statute or
provided for by contract.  See Travelers
Indem. Co. of Conn. v. Mayfield, 923 S.W.2d 590, 593 (Tex. 1996).  In its motion for summary judgment, Nassau
argued it was entitled to its attorney=s fees in connection with enforcement of the judgment under
Rules 215 and 621a of the Texas Rules of Civil Procedure.  Rule 621a merely addresses situations in
which parties may conduct post-judgment discovery.  This rule does not provide any authority for
awards of attorney=s fees and has no relation to this action.  Although Rule 215 authorizes a court to award
attorney=s
fees for certain discovery abuses, none of the abuses set forth in that rule
are present in this case.  Accordingly,
neither of the grounds raised in Nassau=s motion for summary judgment support an award of attorney=s
fees.








In
its brief on appeal, Nassau claims, for the first time, that the award of
attorney=s
fees is authorized either under section 38.001 of the Civil Practice and
Remedies Code or under the Uniform Declaratory Judgments Act.  Nassau=s present cause of action is based on a judgment debt, not the
underlying breach-of-lease claim on which the judgment is based.  Thus, section 38.001 does not apply.  See Henry v. Ins. Co. of N. Am.,
879 S.W.2d 366, 368B69 (Tex. App.CHouston [14th Dist.] 1994, no writ) (holding that a garnishment
action does not permit recovery of attorney=s fees under section 38.001 even though the underlying judgment
was for breach of contract).  Nassau=s
petition makes no reference to the Declaratory Judgments Act, nor does it
request any declaratory relief.  Even if
it did, we conclude the act does not apply to Nassau=s
claim for enforcement of a previously rendered judgment.  Cf. Int=l
Bank of CommerceBBrownsville v. Int=l
Energy Dev. Corp., 981 S.W.2d
38, 54B55
(Tex. App.CCorpus Christi 1998, pet. denied) (concluding that the
Declaratory Judgments Act does not apply to a claim for enforcement of an
arbitration award).  Nassau failed to
establish its entitlement to attorney=s fees as a matter of law, and summary judgment awarding those
fees was inappropriate.

We
modify the trial court=s judgment to delete the award of $8,750.00 in Apost-judgment
attorney=s
fees@
and the award of $7,500.00 in fees for an unsuccessful appeal to the court of
appeals.  As modified, we affirm the
trial court=s judgment.

 

 

 

/s/            Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered and Opinion filed
December 31, 2002.

Panel consists of Justices Yates, Frost,
and Draughn.[2]

Do Not Publish C
Tex. R. App. P. 47.3(b).

 

 











[1]  The Civil
Practice and Remedies Code provides that a dormant
judgment may be revived Aby scire facias
or by an action of debt.@  Tex. Civ. Prac. & Rem. Code Ann. ' 31.006 (Vernon 1997). 
A judgment becomes dormant if no writ of execution is issued within 10
years after rendition or, if a writ of execution is issued within that time, a
second writ is not issued within 10 years after the first writ was issued.  Id. ' 34.001.





[2]  Senior Justice Joe L. Draughn sitting by
assignment.